# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

TRUSTEES FRANKLIN ST. CHURCH V. DAVIS.

August 9th, 1888.

1. MECHANIC'S LIEN—*Requisites.*—The provisions of the mechanic's lien act are, each and all, indispensable to the creation of the lien; and hence, if any one of them be not complied with, no lien is acquired.
2. IDEM—*Filing claim.*—Contract for erecting a building provides that it shall be considered completed before "the finishing touches" are put on it;

HELD:

> The ninety days, within which the statute allows a mechanic's lien to be filed, commence from that time, and not from the actual completion. Acts 1883–84, p. 636.

Appeal from decrees of circuit court of Wythe county, rendered at its March and September terms, respectively, in the chancery suit of .W. J. Davis, plaintiff, against Floyd Robinson and others, trustees of the Franklin Street Methodist Episcopal Church of Wytheville, defendants.

This was a suit to enforce a mechanic's lien on a certain church building and the lot of land upon which it stands, in the town of Wytheville. The bill alleges that the complainant is by trade a contractor and brick-mason, and that in July, 1884, he entered into a written contract with the defendants to furnish materials and 'to build the church (that is, to do the necessary brick-work), upon certain specified terms. It also alleges that the work was completed on the 20th of August, 1885, and that within ninety days thereafter the complainant filed his mechanic's lien in the clerk's office of the county court of Wythe

county in conformity with the provisions of the statute. The balance claimed to be due in the bill is $634.24, for the satisfaction of which a sale of the property is prayed for.

The defendants, the trustees of the church, demurred to the bill, and also answered, and the cause was referred to a master commissioner for inquiry and report as to the matters in controversy. Upon the coming in of the report, to which there was no exception, the circuit court decreed in favor of the complainant for $550, and directed a sale of the church and lot, unless payment of the sum decreed should be made within sixty days from the date of the decree. From this decree the defendants have appealed.

*Walker & Walker*, and *Caldwell*, for the appellants.

*D. S. Pierce*, for the appellee.

LEWIS, P., delivered the opinion of the court.

We are of opinion that the decree is erroneous. The statute applicable to the case provides that a general contractor, wishing to avail himself of the lien given him by the statute, must take the steps requisite for that purpose within ninety days after the work is completed; that is to say, he must file, in the proper clerk's office within that time, a true account of the work done or materials furnished, verified by oath, with a statement of facts signifying his intention to claim the benefit of the lien, and must also give notice thereof in writing to the owner of the property upon which the lien is claimed or other persons contracting with the general contractor. Acts 1883–84, p. 637.

These provisions of the statute are indispensable to the creation of the lien, and hence, if any one of them be not complied with, no lien is acquired. It is therefore incumbent upon the party asserting a lien under the statute to show that he has complied with every essential requirement of the statute; and

unless such compliance is shown, his claim must be rejected. *Shackelford* v. *Beck*, 80 Va. 573; *Davis* v. *Alvord*, 94 U. S. 545; *S. V. R. R. Co.* v. *Miller*, 80 Va. 821. This the complainant in the present case has not only failed to show, but his own deposition, which was taken in the cause, conclusively shows the contrary. It shows that, for the purposes of this case, the work was completed, not on the 20th of August, 1885, as alleged in the bill, but about the 1st of November, 1884, or more than ninety days before the claim to a lien was filed in the clerk's office, the claim not having been filed until the 5th of November, 1885, about one year after the work was completed.

In his deposition he testifies that the walls were up and ready for the roof about the 1st of November, 1884, but that the chimneys were not topped off, and the penciling done, until some time in August, 1885. He substantially admits, however, that the parties agreed to consider the work as completed on the 1st of November, 1884, and from that date he charged and received interest on the first deferred payment for the work, which, by the terms of the contract between the parties, was to become due upon *the completion* of the work, and not before. He says: "As the walls were ready for the roof about the first of November, 1884, I thought that by the contract I was then entitled to the second [*i. e.,* the first deferred] payment. Some member of the committee remarked that the work was not yet completed; that the penciling was not done, nor the chimney-tops finished off. I asked them if they intended to bring that up as a plea when the last payment became due, and said if they did I would go on and pencil the building and top the chimneys at once. I also told them that it was not customary to do that part of the work until after the roof was put on, as the penciling would be damaged by the rains running down the walls. They said they did not intend to bring that up to keep from paying the next payment when it was due; and to compromise the matter, I agreed to give them $10, and they paid me the balance." And in answer to a question, on cross-examination, as to when the

work was completed, he said: "*I cannot give the exact date, but it was in the first days of November*, 1884."

The contention in the argument that the work was completed so far as to give the complainant the right to demand the first deferred payment on the first of November, 1884, and that it was not completed so as to give him the right to file a mechanic's lien until the 20th of August following, is not supported by the record. The written contract is express and unequivocal that $500 in the bonds of the town of Wytheville should be paid upon the signing of the contract, and the balance as follows: "One-half when the brick-work is completed, and the residue in six months after the completion of the work." This shows that until the work was completed the first deferred payment was not due, and the evidence shows that interest on the sum due upon the completion of the work was charged and received by the complainant in his settlement with the defendants, in February, 1885, which amounted to $33.24, thus showing that the parties agreed to consider the work as completed on the first of November, 1884, and consequently from that date the time must be computed within which it was incumbent upon the complainant to take the necessary steps, under the statute, to perfect his lien. If the work was completed for one purpose on that day, it was completed for all. At all events, if the second payment was then due, and if interest thereon was properly charged against the defendants from that day, they are as clearly entitled to the benefit of the defense founded upon the failure of the complainant to perfect his lien within ninety days from that time.

It was competent for the parties to agree that the work should be considered as completed before what may be called the finishing touches were actually put upon it; and in view of the agreement between them, of which the collection of the second payment and the charge and receipt of interest just mentioned is evidence, the complainant was undoubtedly entitled to file his mechanic's lien in the office on the said first day of November,

or at any time within ninety days thereafter, although the lien, if it had been then perfected, would have been subject to any proper deduction on account of the penciling, etc., which was not done until in August, 1885. The result is, that the complainant, by unduly delaying to perfect his lien, has lost it, and for this result there is no one but himself to blame.

As this view of the subject is decisive of the case, no other question need be considered. It may be remarked, however, that if the work was not completed until the 20th of August, 1885, as alleged in the bill, then the suit was prematurely brought. The last payment, which is sought to be collected in this suit, was not due, as we have seen, until six months after the completion of the work, and the suit was commenced on the 26th of January, 1886, or within less than six months from the 20th of August, 1885. The case, therefore, differs from the case of *Iaege* v. *Bossieux*, 15 Gratt. 83. There the lien sought to be enforced was payable in instalments, and the suit having been brought after the first instalment became due, it was held that decrees for the subsequent instalments, as they respectively fell due, might be rendered in the same suit. But such is not this case. If the allegations of the bill be true, no portion of the money sought to be collected was due when the suit was commenced, and hence the suit was prematurely brought. This defence was set up in the answer, and there is no doubt that such an objection may be taken by answer as well as by plea. Story Eq. Pl. sec. 647.

The decree must, therefore, be reversed and the bill dismissed. The decree to be entered here, however, will be without prejudice to the right of the complainant to institute any action at law that he may be advised to bring, for the recovery of any balance that may be due him on account of the transactions mentioned in the bill.

DECREE REVERSED.