Statement.

# Richmond.

## BROWN & HOOF v. CORNWELL AND OTHERS.

### March 12, 1908.

1. MECHANIC'S LIEN—*Account—Omitting Prices Charged—Estimate of Amount.*—Where it does not appear that the materials furnished by a contractor for a building were contracted for at a gross sum, an account which fails to show the prices charged for the items of which it is composed is insufficient as a basis of a mechanic's lien. The omission of the prices charged is not mere inaccuracy in the account, but an entire failure to state what the statute requires. A statement of "amount of estimate," giving a price, is not a compliance with the statute requiring an account showing the "prices charged."

2. RECORDS—*Recitals—Verity.*—The recital in a decree in chancery that there was a demurrer to a bill which was sustained imports verity, and, on appeal, this court must assume that there was a demurrer to the bill upon which the trial court was warranted in passing.

3. EQUITY—*Demurrer Questioning Right of Recovery—By Whom Filed.*—Where there are but two defendants to a bill to enforce a mechanic's lien, either of whom has the right to resist the effort to fix a lien on the property sought to be charged, it is immaterial that the record does not disclose by which of the two a demurrer was filed which was sustained. The demurrer of either, if sustained, defeats the lien and enures to the benefit of both. A decree sustaining a demurrer in such case goes to the foundation of the complainant's right to recover upon the case stated.

Appeal from a decree of the Circuit Court of Prince William county. Decree for defendants. Complainants appeal.

*Affirmed.*

The opinion states the case.

*Robert A. Hutchison,* for the appellants.

*Thos. H. Lion,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

This is a suit in equity, brought by the appellants, as general contractors, to subject a dwelling house, the property of the appellee, J. C. Cornwell, to a mechanic's lien for $450, subject to credits for lumber and other building materials alleged to have been furnished by the appellants to the owner in the erection and construction of the building. The appeal is from a decree of the circuit court, sustaining demurrers to the original and amended bills in the case.

The controlling question to be determined involves the sufficiency of the account filed by the claimants to constitute a valid mechanic's lien under the statute.

Section 2476, Va. Code, 1904, provides, among other things, that: "A general contractor, in order to perfect the lien given by the preceding section, shall at any time after the work is done and the material furnished by him, and before the expiration of sixty days from the time such building  * * *  is completed, or the work thereon otherwise terminated, file in the clerk's office in the county or corporation in which the building is  * * *  an account showing the amount and character of the work done or material furnished, the prices charged therefor, the payments made, if any, and the balance due, verified by the oath of the claimant, or his agent, with a statement attached declaring his intention to claim the benefit of said lien and giving a brief description of the property on which he claims the lien." The statute then devolves upon the clerk the duty to record the account or statement in a book to be kept for the purpose, "and to index the same in the name as well of the claimant of the lien as of the owner of the property;" and declares that "from the time of such filing all persons shall be deemed to have notice thereof."

The account relied on in this instance altogether omits to show the prices charged for the items of which it is composed.

Nor does it appear, either from the account or accompanying statement, that the materials were contracted for at a gross sum, so as to bring the case within the influence of that line of decisions of which *Taylor* v. *Netherwood,* 91 Va. 88, 20 S. E. 888, is a conspicuous type.

In *Gilman* v. *Ryan,* 95 Va. 494, 28 S. E. 875, the court, in discussing the effect of a similar omission, at page 497 of 95 Va. and page 876 of 28 S. E., observes: "This defect is not an inaccuracy in the account, which the statute (section 2478) declares shall not invalidate the lien, but an entire failure to state in the account what the statute, for wise reasons it must be presumed, requires shall be stated."

That case, on the point in question, decides that "the filing of the account, as required by statute, is the initial and one of the most important steps in the establishment of a mechanic's. lien. Unless the work done or material furnished are contracted for as an entirety, and it is so set out in the account filed, the account must set out substantially the amount of the work done, and materials furnished, and the prices charged therefor."

In the case in judgment it is contended that the abbreviations and figures in the last line of the account, namely: "Amt. of est. $450"—are tantamount to the statement, that the materials were contracted for as an entirety at the price named. But it would seem that such is not the import of the foregoing excerpt from the account filed. The idea conveyed by the words, "amount of estimate," in an account rendered, is that they indicate the approximate valuation of his own goods by the seller, rather than the coming together of the minds of both parties upon the exact price to be charged.

In the Standard Dictionary, the word "estimate" is defined thus: "A valuation based on opinion or roughly made from imperfect or incomplete data; a calculation not professedly exact; appraisement; as, an estimate of the amount of grain in a bin." * * *

Webster's International Dictionary gives the following definition: "To judge and form an opinion of the value of, from imperfect data, either the extrinsic or intrinsic value; to fix the worth of roughly or in a general way; as, to estimate the value of goods or land; *  *  A valuing or rating by the mind, without actual measuring, weighing or the like; rough or approximate calculation; as, an estimate of the cost of a building, or of the quantity of water in a pond." *  *  *

The account relied on does not conform to the requirement of the statute in the particular indicated; and, therefore, the attempt to acquire a mechanic's lien never having been perfected, the demurrers to the original and amended bills were rightly sustained.

The assignments, that the demurrer to the original bill ought not to have been considered, because it does not appear on whose behalf it was filed, and that there was no written demurrer to the amended bill, are not well taken.

Considering the last proposition first: The decree appealed from recites that there was a demurrer to the original bill, which was sustained so far as appellant's alleged lien is concerned: "And the said plaintiffs, by leave of court, having filed their amended  *  *  * bill  *  *  * and the said respondent having demurred to the said amended  *  *  * bill," that demurrer was likewise sustained. Upon familiar principles, these recitals in the decree import verity, and this court must assume that there was a demurrer to the amended bill upon which the circuit court was warranted in ruling.

With respect to the other objection—that it does not appear on behalf of which defendant these demurrers were filed: There were only two defendants to the suit, namely, the owner of the building sought to be subjected, and the trustee in a deed of trust executed by the owner upon the property to secure a debt. Hence, it was competent for either defendant to resist the effort of the plaintiffs to fix a mechanic's lien upon the building; and the demurrer of either, if sustained, would defeat the lien and

enure to the benefit of both.  Consequently, the plaintiffs could not have been prejudiced by the fact that the record does not disclose in behalf of which defendant the demurrers were interposed.

The distinction between defenses which are personal to one defendant and those which are common to all is well illustrated by the following authorities:

In *McCartney* v. *Tyrer,* 94 Va. 198, 202, 26 S. E. 419, 421, this court said: "The defense of the statute of limitations was not made by the debtor, the defendant company, but by * * * its principal creditor.  The defense is generally a personal privilege, and may be asserted or waived by a defendant at his election.  *Clayton, etc.* v. *Henley,* 33 Gratt. 72; and *Smith* v. *Hutchinson,* 78 Va. 683.  When, however, a court of equity has taken possession of the estate of the debtor for the purpose of distribution, and proceeded to ascertain the debts and incumbrances to enable it properly to administer and distribute the assets, an exception to the general rule is allowed, and any creditor interested in the fund is permitted to interpose the defense of the statute of limitations."  The court cites numerous authorities for that proposition.

So also, in *Cartigne* v. *Raymond,* 4 Leigh 626, it was held: "Upon a bill in chancery by a distributee against an administrator and his surety, alleging that the administrator had not duly accounted, and praying an account, the bill is taken *pro confesso* as to the administrator, but the surety answers, and proves that the plaintiff, on a full and final settlement, has released the administrator, and so is not entitled to an account; upon which the chancellor dismisses the bill with costs as to both defendants.  The bill was properly dismissed as to both defendants."

Again, in *Harrison, et als,* v. *Walker's Ex'or,* 95 Va. 721, 727, 30 S. E. 372, 374, 64 Am. St. Rep. 830, 41 L. R. A. 703, the court observes: "We are of opinion that the court did not err in sustaining the demurrer of the executor to the bill, and

dismissing the cause as to him. Neither did it err in dismissing it as to Mrs. Harrison, although she failed to appear and make defense. The defense of the executor, her co-defendant, was not personal to him. It went to the foundation of the appellant's right to recover upon the case stated."

So, in the case in hand, the demurrers put in issue the existence of the mechanic's lien, and the dismissal of the original and amended bills as to both defendants, was a corollary to sustaining the demurrers, no matter by which defendant they may have been interposed.

For these reasons, we are of opinion to affirm the decree.

*Affirmed.*