## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

### The Furst-Kerber Cut Stone Co. Inc. v. Wells and Others

March 12, 1914.

Absent, Cardwell, J.

1. Mechanic's Lien—*Materials Furnished as Entirety—What Account Must Show.*—Where a mechanic's lien is sought to be docketed for materials furnished as an entirety, the account filed as a basis for the lien must show that the materials furnished were contracted for as an entirety for a specific sum.

2. Mechanic's Lien—*Claim—Time of Filing.*—A claim of a mechanic's lien filed more than sixty days after work on a building has terminated and the owner has accepted it, and settled with the general contractor, comes too late. The filing of the claim within the time prescribed by statute is one of the essential requisites in perfecting the lien. If not so filed no lien is acquired.

3. Mechanic's Lien—*Failure to Acquire—General Debt—No Lien.*— If a material man fails to acquire a mechanic's lien on the building into which his materials are placed, the amount due him therefor by a sub-contractor is a general unsecured debt due to the material man, and upon the bankruptcy of the sub-contractor, the amount due him by the general contractor passes to his trustee as assets of the bankrupt. This result is not affected by the fact that in a suit by the material man to enforce a supposed lien on the building, the general contractor pays into court, the amount due by him to the sub-contractor and asks that it be so applied as to protect him.

Appeal from a decree of the Circuit Court of the city of Norfolk. Decree for the defendant. Complainant appeals.

*Affirmed.*

The opinion states the case.

*Burroughs & Bro.* and *G. A. Martin,* for the appellant.

*Thorp & Thorp, Hank & Hank* and *Thomas W. Shelton,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

The first question to be determined upon this appeal is whether or not the appellant, The Furst-Kerber Cut Stone Company has a mechanic's lien on the fund paid into court.

It appears that in the year 1910 the Ninth Street Baptist Church (colored) of Norfolk entered into a contract with Jacob Wells, as general contractor, to erect a church building for a certain sum. Wells shortly afterwards sublet the cut stone work on the building to C. H. Consolvo, who was to furnish the stone and do the work in putting the stone into the building. Thereupon Consolvo entered into a contract with the appellant company for the cut stone ready to be placed in the building. The cut stone was furnished by the appellant to Consolvo, but before he completed the work of placing the stone in the building he was adjudged a bankrupt. Before his bankruptcy Consolvo had paid the appellant a part of the purchase price of the material furnished. When Consolvo went into bankruptcy the appellant undertook to perfect a lien on the church building for the residue of the purchase price of the stone furnished by it as a subcontractor under the provisions of section 2477 of Virginia Code, 1904. It is insisted here, as in the court below, that it failed to perfect its lien under that section upon numerous grounds. In the view this court takes of the case, it will be unnecessary to consider

any of these grounds except as to the character of and the time when its account and declaration of intention to claim a lien on the church building were filed in the clerk's office, as required by section 2477 of the Code.

The appellant filed a statement of its claim and the declaration of its intention to claim a lien on three different occasions. The first of these was filed January 25, 1911, but it is conceded that under the decision of this court in *Clement* v. *Adams Bros.* 113 Va. 547, 75 S. E. 294, such filing was not in accordance with the statute. The next was filed in the clerk's office August 1, 1912, but the appellant fearing that the statement of its claim might not be sufficient, filed the third on the 22nd day of that month, in which it was stated that the cut stone ''was contracted for as an entirety and as a whole, the specific purchase price for the same being $1900.''

The objection made to the account filed August 1st is that it does not comply with the statute, in this, that it fails to state either the amount of materials furnished and the prices charged therefor, or that the cut stone was contracted for as an entirety for a specific sum.

It is not claimed that the account in question shows the amount of cut stone furnished or the prices charged therefor, but it is insisted that this was not necessary since the contract for the cut stone was entire and for a specific amount, and that the account filed showed this.

It does appear from the evidence, as it did in *Taylor* v. *Netherwood,* 91 Va. 88, 20 S. E. 888, that the material was contracted for as an entirety for a specific sum, but the account in this case fails to show, as it was held the account in *Taylor* v. *Netherwood* did, that the material furnished was contracted for as an entirety for a specific sum, or that it was furnished under an express contract. For all that appears from the account, the material may

have been furnished under an implied contract and the amount stated as due may have been the appellant's estimate of its value.

The account is as follows:

"November 15, 1910.

"E. H. Consolvo,

"To The Furst-Kerber Cut Stone Company,

| For Indiana Limestone furnished the Ninth Street Baptist Church (Colored), Berkley Ward, Norfolk, Va., | | $1,900.00 |
|---|---|---|
| Amount paid on account by E. H. Consolvo, | | |
| On first car by frt. and check | $225.00 | |
| On second car by frt. | 140.00 | |
| On third car by frt. | 81.41 | 446.41 |

$1,453.59

HENRY FURST, JR.,
Agent of The Furst-Kerber Cut
Stone Co.

The account is clearly insufficient to furnish the basis for the lien for material furnished under our statute. *Taylor* v. *Netherwood, supra; Gilman* v. *Ryan, &c.,* 95 Va. 494, 28 S. E. 875; *Brown, &c.,* v. *Cornwell, &c.,* 108 Va. 129, 60 S. E. 623.

The third account, which was filed on the 22nd of August, 1912, showed that the cut stone was contracted for as an entirety for a specified sum. The objection made to it is, that it was filed more than sixty days after the work on the church building had been completed. Code, sec. 2476.

The testimony is conflicting as to the time when the building was completed; but the preponderance of the evidence is in favor of the view that the building had

been completed, or at least that the work on the building had been terminated, a settlement made by the general contractor with the trustees of the church, and the building received by them on or before June 5, 1912.

The filing of its claim in the clerk's office was one of the essential requirements of the statute in perfecting its lien. Having failed to file it within the time prescribed by the statute, it follows that the appellant did not acquire a lien under its provisions. *Trustees Franklin Street Church* v. *Davis,* 85 Va. 193, 194-5, 7 S. E. 245.

After this suit was instituted, Wells, the general contractor who was made a party to it, filed his answer in which he stated that the work which Consolvo had undertaken to do had been completed by his trustee in bankruptcy; that he had in hand the balance due upon Consolvo's contract with him, which was claimed by the trustee in bankruptcy. He asked that his rights be protected by any decree made by the court. Afterwards the court directed him to pay the same into court, which was done.

It is insisted by the appellant that even if it did not acquire a lien under the provisions of the mechanic's lien statute, the trial court ought to have applied the money paid into court by Wells in payment of its claim against Consolvo.

We know of no principle of law or of equity upon which this contention can be sanctioned. When the appellant sold and delivered the cut stone to Consolvo, one-half the price to be paid on delivery and the other half when the building was completed, the title to the stone passed and the appellant had no lien upon it. If it had complied with the provisions of the mechanic's lien statute, it could have acquired a lien upon the building in the erection of which the stone was used. But having failed to perfect its lien under that statute, the

fact that the stone had been used in the building and the general contractor had been paid by the trustees of the church for erecting it, and out of the money so received was willing to pay Consolvo for the materials furnished and the work done by him, did not in law give the appellant any higher claim to be paid out of that money than any other of Consolvo's creditors. When Consolvo was adjudged a bankrupt, his claim against Wells, the general contractor, passed to his trustee in bankruptcy for the benefit of his creditors. The payment into court by Wells of the amount due by him to Consolvo was for his (Wells') protection, and neither enlarged nor lessened the rights of the appellant or of Consolvo's trustee in bankruptcy. There was no privity between Wells and the appellant. (*U. S.* v. *Driscoll,* 96 U. S. 421, 24 L. Ed. 847.) Wells had no contract with the appellant, nor did he have in his possession any money which belonged to it. His contract was with Consolvo, and what Wells owed was due to him or to his trustee in bankruptcy.

Upon the whole case, we are of opinion that there is no error in the decree appealed from, and that it must be affirmed.

*Affirmed.*