## Wytheville.

### H. N. FRANCIS & CO., INC., V. HOTEL RUEGER, INC., PITTSBURG PLATE GLASS CO. V. HOTEL RUEGER, INC., STANDARD ENGINEERING CO. V. HOTEL RUEGER, INC., *and* WARREN-EHRET CO. V. HOTEL RUEGER, INC.

#### June 12, 1919.

1. MECHANICS' LIENS—*Construction of Statutes.*—Although there is a diversity of opinion as to whether mechanic's lien statutes should receive a strict or liberal construction, the correct rule of construction as to the Virginia statute is that there must be a substantial compliance with the requirement of that portion of the statute which relates to the creation of the lien; but that the provisions with respect to its enforcement should be liberally construed. Thus, section 2478 of the Code of 1904 provides: "No inaccuracy in the account filed, or in the description of the property to be covered by the lien, shall invalidate the lien, if the property can be reasonably identified by the description given and the account conform substantially to the requirements of the two preceding sections, and is not willfully false." But to obtain the benefit of this section the provisions of sections 2476 and 2477, Code of 1904, must be substantially complied with.

2. MECHANICS' LIENS—*Statement of Account — Particularity Required.*—There is a distinction in regard to the particularity required in specifying the amount and character of the work done or materials furnished, and the prices charged therefor where the claim for a mechanic's lien rests upon open account and where the work done or materials furnished were contracted for as an entirety. More particularity of statement is required in the former than in the latter instance.

3. MECHANICS' LIENS—*Statement in Account—Express Contract.*— A statement in an account upon which a claim for a mechanic's lien is based that certain work was done, or materials furnished, under agreement, or contract, for a specific sum, is equivalent to saying that it was under an "express contract," or "was contracted for as an entirety." And where the account

contains such statement, and the fact that the work or materials were contracted for as an entirety is established by the evidence, a general statement of the fact and the sum charged therefor under the contract will suffice.

4. MECHANICS' LIENS—*Sufficiency of Statement of Account.*—The first item in the account of a claimant of a mechanic's lien was by contract, $10,000. While this item standing alone might be insufficient to entitle the claimant to relief under the mechanic's lien statute, it did not stand alone, and whether it should stand or fall depended upon its sufficiency aided by the evidence adduced in support of it. The account on its face bore the evidence of the character of work in which the claimant was engaged and the materials it was furnishing; and the principle is elementary that the entire paper must be looked to and read together in giving it effect. The evidence *aliunde* showed that the contract referred to was a standard contract covering several pages of closely printed matter, and abundantly establishes everything with respect to the item that reasonably could be required. The entire account was in substantial conformity to the statute, and should have been upheld.

5. MECHANICS' LIENS—*Deposit by Owner in Court—Personal Liability of Owner.*—Where the owner of a building, upon notice of the claim of a mechanic's lien by a sub-contractor, set apart a fund sufficient to discharge it, which fund was afterwards paid into court, there is no personal liability upon the owner.

6. MECHANICS' LIENS—*Statute of Limitations.*—Where a sub-contractor's lien was barred by section 2481, Code of 1904, his claim could not be allowed in a suit brought by the owner of the building to determine the validity of certain claims for a mechanic's lien, to which suit he was a party, he not having been a party to earlier suits brought to establish mechanic's liens, and the account of liens ordered in these suits not having been made until after his lien was barred.

7. MECHANICS' LIENS—*Money Paid into Court—Rights of Sub-Contractor.*—The owner of a building had paid into court a balance in his hands due to the general contractor, and prayed that the court would determine the validity of the respective claims of lien of various sub-contractors.

*Held:* That the liens allowed must share *ratably* in the fund on deposit to the order of the court, after first deducting therefrom the cost of litigation with respect to the allowed claims.

Appeal from a decree of the Chancery Court of city of Richmond, in a suit to determine mechanics' liens. From a decree denying their claim of liens, the claimants appeal.

*Affirmed in part; reversed in part.*

The accounts directed to be reported herein are as follows:

1. An account showing the amount and character of the work done and materials furnished by H. N. Francis & Co., Inc., sub-contractor, the prices charged therefor, the payments made, and the amount due, by "Rueger Hotel, Incorporated."

This does not appear to have been filed in this suit.

Richmond, Va., January 23, 1914.

MESSRS. F. T. NESBIT & CO.,

H. N. FRANCIS & CO., INC.

Tiles, Terrazzo and Marble Work, Mantels and Fire Place Trimmings.

Phone Mad. 194.                    26 N. Ninth Street.

"Rueger Hotel."

| | |
|---|---:|
| By contract | $10,000.00 |
| Extra order 5/7 marble tile in corridors | 41.60 |
| Extra order 6/9 slate work | 565.00 |
| Extra order 6/19 marble saddles | 270.00 |
| Extra order 7/12 plinths | 172.80 |
| Extra order 7/30 extra tile | 190.95 |
| Extra order 9/10 marble tile at service elevator, first floor | 19.20 |
| Installing slate urinals in basement | 45.00 |
| Base and plinths in vestibule to general toilet. | 14.90 |

| | | |
|---|---|---|
| Cutting and fitting marble in front oyster counter | $ | 12.37 |
| Repairing roof tile | | 8.90 |
| Installing quarry tile base in front of oyster counter | | 10.50 |
| Promenade tile base in roof garden | | 44.25 |
| Extra tiling a/c increased size of baths | | 52.00 |
| Marble tread and riser in front or urinal barber-shop toilet | | 16.85 |
| Installing tiling under and behind all bath tubs | | 860.00 |

C. M. 654, a/c Engleby Bros. Co.......$17.95
C. M. 708, a/c Engleby Bros. Co....... 1.50
C. M. 709, a/c Engleby Bros. Co...... 22.50
C. M., Hilgertner Marble Co........... 6.60
C. M., Hilgertner Marble Co........... 8.00

———      56.55

$12,380.87

*Credits.*

By cash 6/30 ......................$4,000.00
By cash 7/31 ...................... 3,059.25
By cash 8/30 ...................... 1,275.00
By cash 9/30 ...................... 800.00
By cash 10/31 .................... 1,211.12

———      10,345.37

$ 2,035.50

State of Virginia,
    City of Richmond, to-wit:
    I, A. W. Patterson, a notary public for the city aforesaid, in the State of Virginia, do certify that H. N. Francis, secretary and treasurer and general manager of H. N. Francis & Co., Inc.; and as such, the duly authorized agent of said

corporation, this day personally appeared before me in my said city, and made oath as to the correctness of the foregoing account.

Given under my hand this 24th day of January, 1914.

A. W. PATTERSON,
Notary Public.

## DECLARATION OF INTENTION TO CLAIM LIEN.

H. N. Francis & Co., Inc., sub-contractor, hereby declares its intention of claiming a mechanic's lien on all that certain hotel building known as "Hotel Rueger," at the southeast corner of Ninth and Bank streets, in the city of Richmond, Virginia, and the lot or piece of ground and curtelage appurtenant to the said building, fronting on said Ninth street about fifty-three feet, running back 105 feet, more or less, to secure the payment of $2,035.50, with interest from the — day of ———, 19—, until paid, being a debt contracted for work done and materials furnished, as shown by the account to which this statement is attached, for the construction and improvement of the said building and appurtenances of which "Rueger Hotel, Incorporated," is the owner, or reputed owner, and at the instance and request of F. T. Nesbit & Co., Inc., they being the general contractors for the erection of said building; which said building, situated as aforesaid, was completed or the work thereon otherwise terminated within the sixty days next preceding the filing of this claim. And the said H. N. Francis & Co., Inc., claims to have a lien on the said building and the lot or piece of ground and curtelage appurtenant to the said building, from the commencement thereof for the aforesaid sum and interest according to the statute in such case made and provided; and the said claimant herewith files an account, showing the nature and the character of the work done, and the

.materials furnished, the prices charged therefor, the payments made, and the balance due, verified by oath.

Witness our hand *and seal* this 24th day of January, 1914.

H. N. FRANCIS & CO., INC.,
By H. N. FRANCIS,
Sec'y and Treas., Gen'l Mgr. and Agent.

State of Virginia,
City of Richmond, to-wit:

I, A. W. Patterson, a notary public for the city aforesaid, in the State of Virginia, do certify that H. N. Francis, whose name is signed to the foregoing writing, dated the 24th day of January, 1914, has acknowledged the same for and on behalf of H. N. Francis & Co., Inc., before me in my city aforesaid.

Given under my hand this 23rd day of January, 1914.

My commission expires on the 21st day of October, 1914.

A. W. PATTERSON,
Notary Public.

2. An account showing the amount and character of the work done and materials furnished by Pittsburg Plate Glass Company, a corporation organized under the laws of Pennsylvania, and doing business in the State of Maryland, with its branch office at Baltimore, Maryland, sub-contractor for F. T. Nesbit & Co., Inc., a corporation created by and doing business under the laws of the State of New York, general contractor, the prices charged therefor and the payments made thereon; and the balance due the said subcontractor by the said F. T. Nesbit & Co., Inc., general contractor, which said account is filed after the work mentioned herein was done and the materials were furnished by it, and before the expiration of sixty days from the time the

building mentioned in the statement hereto attached, **and** made a part of this account, was completed:

To materials furnished and work done on the **building** known as the Hotel Rueger, in the city of Richmond, at the northeast corner of Ninth and Bank streets, as follows:

310-12-14 West Pratt Street,

Baltimore, Md., January 16, 1914.

F. T. NESBIT & CO.,
New York, N. Y.

To. PITTSBURG PLATE GLASS CO., Dr.

| | |
|---|---:|
| To contract furnishing glass and glazing in openings Rueger's Hotel, Richmond, Va..... | $3,500.00 |
| To special extra changes, authorized letter of June 23, 1913 ......................... | 33.00 |
| | $3,533.00 |

*Credits.*

1913.

| | | |
|---|---|---:|
| Sept. 24. | For *contra* representing cash lost by us........$ | 8.50 |
| Oct. 15. | Storage ................ | 2.97 |
| Oct. 31. | Material furnished agreed to ................... | 17.55 |
| Aug. 29. | Freight on Mdse. ........ | 1.06 |
| June 30. | Hauling glazed each ...... | 20.00 |
| Aug. 15. | Payment in cash ......... | 980.00 |
| Nov. 29. | Material furnished and agreed to ............. | 14.85 |
| Nov. 14. | Payment in cash ......... | 1,320.44 |

| | | |
|---|---|---|
| Jan. 17. Payment in cash ........... | 167.63 | |
| Jan. 17. Received $1,000 note (2 months and on due date) March 16, 1914, received $500 cash and new note payable 30 days for $500 ...............$ | 500.00 | |
| | | $3,033.00 |
| | | $  500.00 |

With interest at 6% per annum from March 16, 1914, evidenced by note F. T. Nesbit & Co., Inc., due April 16, 1914, for $500.00.

State of Maryland,
   City of Baltimore, to-wit:
   This day John C. Field, local manager and general agent for the Pittsburg Plate Glass Company, Incorporated, personally appeared before me, William Hissey, Jr., a notary public in and for the city and State aforesaid, in my city aforesaid, and made oath that he is the agent for the said corporation, and that the matters and things stated in the foregoing account are true, and that the said account is correct, and that the said company claims interest thereon from the 16th day of April, 1914, until paid.
   My commission expires on the 4th day of May, 1916.
   Given under my hand this 28th day of March, 1914.

   (Seal)            WILLIAM HISSEY, JR.
                              Notary  Public.

The Pittsburg Plate Glass Company, a corporation created by the laws of the State of Pennsylvania, and doing business in the State of Maryland, being sub-contractor

under F. T. Nesbit & Co., Inc., general contractor, does hereby declare its intention of claiming a lien on all that certain hotel building, known as Hotel Rueger's lying and being at the southeast corner of Ninth and Bank streets, in the city of Richmond, Virginia, and the lot or piece of ground and curtilage appurtenant to the said building fronting on said Ninth street fifty-three feet, more or less, being the same lot conveyed to Hotel Rueger, Incorporated, by William Rueger, by deed dated August 29, 1912, recorded in D. B. 218-D, p. 134, in the office of the Chancery Court of the city of Richmond, Virginia, to which deed reference is hereby made for a more particular description of said lot, to secure the payment of five hundred dollars ($500.00) with interest from the 16th day of April, 1914, until paid, being a debt contracted for work done and materials furnished pursuant to a certain contract between F. T. Nesbit & Co., Inc., general contractor, and the said Pittsburg Plate Glass Company, Incorporated, sub-contractor, for work and labor done as per contract, and for extra work done, and the materials furnished as ordered, amounting in the aggregate to the said sum as shown by the account to which this statement is attached for the construction, repair and improvement of the said building and appurtenances, of which Hotel Rueger, Incorporated, is the owner or reputed owner, and at the instance and request of the said F. T. Nesbit & Co., Incorporated, being the general contractor, which said building, situated as aforesaid, was completed or the work thereon terminated within the sixty days next preceding the filing of this claim. And the said Pittsburg Plate Glass Company, Incorporated, claims therefor a lien on the said building and land, as aforesaid, from the commencement of said building for the aforesaid sum and interest. according to the statute in such cases made and provided, and the said claimant herewith files an account showing the nature and character of the work done

and the materials furnished, the prices charged therefor, the payments made and the balance due verified by oath.

In witness whereof the said Pittsburg Plate Glass Company, Incorporated, has caused this instrument to be signed by its corporate name by its local manager and general agent, John C. Field, this 28th day of March, 1914.

> PITTSBURG PLATE GLASS CO.,
> JOHN C. FIELD,
> Local Manager and General Agent.

State of Maryland,
    City of Baltimore, to-wit:

I, William Hissey, Jr., a notary public for the city aforesaid, in the State of Maryland, do certify that John C. Field, local manager and general agent of the Pittsburg Plate Glass Company, Incorporated, whose name is signed to the foregoing writing bearing date on the 28th day of March, 1914, local manager and general agent, acknowledged the same before me in my city aforesaid.

My commission expires on the 4th day of May, 1916.
Given under my hand this 28th day of March, 1914.

> (Seal)                    WILLIAM HISSEY, JR.,
>                                 Notary Public.

3.                    Washington, D. C., Jan. 28, 1914.

MESSRS. F. T. NESBIT & CO., INC.,
    116 Nassau Street, New York City.

> TO STANDARD ENGINEERING COMPANY, Dr.
> Engineers and Contractors.

An account showing the amount and character of the

work done and materials furnished by the Standard Engineering Company, sub-contractor, the prices charged therefor, the payments made and the amount due:

### RUEGER HOTEL.

| | | |
|---|---|---:|
| 1. | To contract for heating .................. | $5,800.00 |
| 2. | " contract for high pressure boilers...... | 2,920.00 |
| 3. | " coil in pent house, order 8/13/13....... | 62.00 |
| 4. | " miscellaneous changes, order 2/24/13... | 110.00 |
| 5. | " change in piping, order 4/22/13....... | 35.00 |
| 6. | " plugging radiator outlets, order H. T. Bamham ......................... | 10.00 |
| 7. | " disconnecting and reconnecting kitchen fixtures to allow for relaying cement floor, order Mr. Flight 10/17/13...... | 31.20 |
| 8. | " covering pipes under cigar case, order 9/13/13 ......................... | 7.50 |
| 9. | " cutting off radiator legs, charge to Nat'l Fireproofing Co., order 10/20/13..... | 20.00 |
| 10. | " moving radiator in barber shop ....... | 4.50 |
| 11. | " additional radiation for roof garden.... | 8.00 |
| 12. | " damage to pump .................... | 35.00 |

| | |
|---|---:|
| | $9,043.20 |
| Less payments ........................ | 6,613.45 |
| Balance .............................. | $2,429.75 |

with interest at 6% per annum from the 28th day of January, 1914. Or this balance $1,000.00 is evidenced by note of F. T. Nesbit & Co., Inc., due April 21, 1914.

District of Columbia, ss:

I, Guy H. Johnson, a notary public in and for the District of Columbia, do certify that S. Franklin Gardner, one of the partners doing business under the firm name and style of the Standard Engineering Company, personally appeared before me in my said District and made oath to the correctness of the foregoing account.

Given under my hand this 6th day of March, 1914.

(Seal)                               GUY H. JOHNSON,
                                         Notary Public.

My commission expires on the 3rd day of January, 1917.

                                     GUY H. JOHNSON,
                                         Notary Public, D. C.

### CLAIM OF LIEN.

S. F. Gardner, E. J. Ewing and R. Messier, partners trading under the firm name and style of the Standard Engineering Company, contractors, do hereby declare their intention of claiming a mechanics lien on all that certain hotel building, known as "Hotel Rueger," lying and being at the southeast corner of Bank and Ninth streets, in the city of Richmond, Virginia, and the lot or piece of ground and curtilage appurtenant to the said building, fronting on said Ninth street fifty-three (53) feet, more or less, and running back between parallel lines, the northern one of which is the southern line of Bank street, one hundred and five (105) feet, more or less, being the same lot conveyed to Hotel Rueger, Incorporated, by William Rueger, by deed dated August 29, 1912, recorded in D. B. 218-D, p. 134, in the office of the Chancery Court of the city of Richmond, Virginia, to which deed reference is hereby made for a

more particular description of said lot; to secure the payment of $2,429.75, with interest thereon from the 28th day of January, 1914, until paid, being a debt contracted for work done and materials furnished as shown by the account to which this statement is attached, for the construction and improvement of the said building and appurtenances, of which Hotel Rueger, Incorporated, is the owner, or reputed owner, and at the instance and request of F. T. Nesbit & Co., Inc., of No. 116 Nassau street, New York, they being the general contractors for the erection of said building, which said building, situated as aforesaid, was completed or the work thereon terminated, within sixty days next preceding the filing of this claim. And the said S. F. Gardner, E. J. Ewing and R. Messier, doing business as partners under the firm name and style of the Standard Engineering Company, in the city of Washington, D. C., as aforesaid, claim to have a lien on the said building and the lot or piece of ground and curtilage, appurtenant to the said building from the commencement thereof for the aforesaid sum and interest according to the statute in such case made and provided; and the said claimant herewith files an account showing the nature and the character of the work done, and the materials furnished, the price charged therefor, the payments made, and the balance due, verified by oath.

Witness the signature of the said Standard Engineering Company this 6th day of March, 1914.

THE STANDARD ENGINEERING CO.,

By S. FRANKLIN GARDNER.

District of Columbia, to-wit:

I, Guy H. Johnson, a notary public for the city of Washington and the District of Columbia, do certify that S.

Franklin Gardner, a member of the partnership firm of the Standard Engineering Company, whose name is signed to the foregoing writing dated the 6th day of March, 1914, has acknowledged the same before me in my city and District aforesaid.

Given under my hand this 6th day of March, 1914.

(Seal)  GUY H. JOHNSON,
Notary Public.

My commission expires on the 3rd day of January, 1917.

The opinion states the case.

*A. W. Patterson, H. R. Miller, S. S. P. Patteson* and *John B. Minor,* for the appellants.

*R. E. Scott* and *Williams & Mullen,* for the appellee.

WHITTLE, P., delivered the opinion of the court.

On July 2, 1912, William Rueger, the then owner of certain real estate located at the southeast corner of Ninth and Bank streets, in the city of Richmond, entered into a written agreement with F. T. Nesbit & Co., Inc., builders, for the construction on the above-mentioned site of a hotel building, to be known as "Hotel Rueger." On August 26, 1912, the "Hotel Rueger" was incorporated under the name of "Hotel Rueger, Inc.," and took over the real estate and the building contract. The building was completed about March 14, 1914.

A large number of sub-contracts were let by F. T. Nesbit & Co., Inc., for parts of the work; and when the building was approaching completion it became financially embarrassed and subsequently went into bankruptcy.

On February 16, 1914, H. N. Francis & Co., Inc., a sub-contractor, instituted a suit in the Chancery Court of the city of Richmond against "Hotel Rueger, Inc.," and F. T. Nesbit & Co., Inc., to enforce its mechanic's lien; and on June 1, 1914, a decree of reference was entered therein. On May 6, 1914, Engleby & Bro., Inc., another sub-contractor, filed its original bill in the same court against the same defendants for the enforcement of its claim of lien, and an order of reference was made therein on February 2, 1915. And on June 4, 1914, Hotel Rueger, Inc., filed its bill in the chancery court against F. T. Nesbit & Co., Inc., and all of the sub-contractors who had filed mechanic's liens, setting up its contract with F. T. Nesbit & Co., Inc., alleging that there was a certain balance in its hands due to the general contractor, and that various sub-contractors named as defendants had filed mechanic's liens against the real estate, and praying that all of said lien claimants be convened, the validity of the respective claims of lien be ascertained, and that the amount in the hands of Hotel Rueger, Inc., due to F. T. Nesbit & Co., Inc., be ascertained and applied to the payment of such liens as were found to be valid.

On February 2, 1915, the cause was referred to a commissioner (to whom the other two causes, as above mentioned, had already been referred), and the three causes were directed to be thereafter heard together. Among other inquiries, the commissioner was directed to report an account of all liens against the property.

The commissioner, on February 15, 1916, returned his report showing that there remained in the hands of the owner due to F. T. Nesbit & Co., Inc., and subject to the valid liens of the sub-contractors, the sum of $4,359.79; and disallowing upon technical grounds the claims of liens of H. N. Francis & Co., Inc., Pittsburg Plate Glass Company, and Standard Engineering Company. With respect to the Warren-Ehret Company's claim, the commissioner reported that it was barred by the statute of limitations.

From the decree of August 3, 1917, overruling the excep-
tions of the above-named parties to the report of the com-
missioner disallowing their respective claims of liens upon
the fund in controversy, and confirming the report, an ap-
peal was taken to this court and the cause is before us for
review.

[1]   An examination of outside authorities shows that
there exists a hopeless diversity of opinion as to whether
mechanics' lien statutes should receive a liberal or strict
construction.   We believe the correct rule deducible from
the language and purposes of our statute and the decisions
of this court with respect to it is, that there must be a sub-
stantial compliance with the requirement of that portion
of the statute which relates to the creation of the lien; but
that the provisions with respect to its enforcement should
be liberally construed.   Thus, section 2478 of the Code pro-
vides:   "No inaccuracy in the account filed, or in the de-
scription of the property to be covered by the lien, shall in-
validate the lien, if the property can be reasonably identified
by the description given and the account conform substan-
tially to the requirements of the two preceding sections,
and is not wilfully false."   But it was held in *Gilman* v.
*Ryan*, 95 Va. 494, 28 S. E. 875, that in order to obtain the
benefit of the above section the provisions of sections 2476
and 2477 must be substantially complied with.   See also
*Clement* v. *Adams*, 113 Va. 547, 75 S. E. 294.

[2]   It may also be observed that a distinction runs
through the authorities in regard to the particularity re-
quired in specifying the amount and character of the work
done or materials furnished, and the prices charged there-
for, where the claim rests upon open account and where
the work done or materials furnished were contracted for
as an entirety.   More particularity of statement is required
in the former than in the latter instance.

We think, too, that the case of *Taylor* v. *Netherwood,* 91

Va. 88, 20 S. E. 888, as construed by *Furst-Kerber, etc., Co.* v. *Wells,* 116 Va. 95, 81 S. E. 22, and the Virginia case of *Breed* v. *Glasgow Investment Company* (C. C.), 92 Fed. 768, establishes the following principles in the construction of the statute:

[3] 1. That the statement in the account that certain work was done, or materials furnished, under agreement, or contract, for a specific sum, is equivalent to saying that it was under an "express contract," or "was contracted for as an entirety." And

2. That where the account contains such statement, and the fact that the work or materials were contracted for as an entirety is established by the evidence, a general statement of the fact and the sum charged therefor under the contract will suffice.

[4] Approaching, then, the consideration of the liens which have been disallowed by the commissioner in the light of these principles, we find the first item in the account of the petitioner in error, H. N. Francis & Co., Inc. (unquestionably the most general in statement of the series): "By contract, $10,000.00." It may well be that this item standing alone would be insufficient to entitle the claimant to relief under the mechanic's lien statute (and upon that theory it was rejected by the commissioner); but, as we have seen, it does not have to stand alone, and whether it shall stand or fall depends upon its sufficiency aided by the evidence adduced in support of it. It should be noted, also, that the account on its face bears evidence of the character of work in which the claimant was engaged and the materials it was furnishing; and the principle is elementary that the entire paper must be looked to and read together in giving it effect. *Diebold* v. *Tatterson,* 115 Va. 766, 771, 80 S. E. 585. The evidence *aliunde* shows that the contract referred to was a standard contract covering several pages of closely printed matter, and abundantly establishes every-

thing with respect to the item that reasonably could be required. As to the remaining items of the account, without discussing them in detail, it is sufficient to say that the *"extras"* called for appear to have been furnished upon orders, and the account shows the amount and character of materials supplied and prices charged for each. The same may be affirmed in regard to the account for work done; the nature and character of the work and the price charged therefor is specifically set out as to each item. Moreover, the account shows payments made, and the balance due, and is verified by the oath of the claimant or its agent, with a statement attached declaring its intention to claim the benefit of the lien, and giving a sufficient brief description of the property upon which the lien is to operate. The entire account is in substantial conformity to the statute, and ought to have been upheld.

What has been said of H. N. Francis & Co.'s account applies with more force to the claims asserted by the Pittsburg Plate Glass Company and the Standard Engineering Company, whose accounts afford illustrations of, perhaps, a stricter compliance with the statute (invoking where needed the aid of ample admissible extrinsic evidence) than the first-mentioned account. Let it be observed of all these accounts that no question is raised as to their *bona fides.* They were disallowed upon technical grounds, based largely, we conceive, upon a too literal adherence to some of the language used in the opinion in *Taylor* v. *Netherwood.* The court there was dealing with the facts of the particular case, and held the account sufficient; but it neither *decided,* nor *intended to decide,* that the sufficiency of all other accounts was to be measured by the account filed in that case.

The reporter will set out all three of these accounts in reporting the case, and it would serve no good purpose and uselessly add to the length of the opinion, to notice in detail the various items of the last-mentioned claims. Both should have been allowed.

[5] Upon the case as a whole, our conclusions may be summarized as follows:

1. That there is no personal liability upon the Hotel Rueger, Inc., for any of the liens set out in this record. When notified of the H. N. Francis & Co. claim of lien, it set apart a fund sufficient to discharge it; which fund was afterwards paid into court, and is now the subject of controversy.

2. That the commissioner was in error in rejecting the liens of H. N. Francis & Co., the Standard Engineering Company and the Pittsburg Plate Glass Company on the ground of deficiency of statement.

[6] 3. That the claim of Warren-Ehret Company was rightly disallowed because barred by the six-months' limitation.

Section 2481 of the Code provides that no suit shall be brought or petition filed to enforce a mechanic's lien after six months from the time when the whole amount covered by the lien has become payable. By contract the whole amount sought to be covered by the Warren-Ehret lien became payable November 15, 1913, and the six-months' limitation expired May 15, 1914. The suit by Hotel Rueger to which this claimant was a party was not brought until June 4, 1914, too late to stop the running of the statute of limitations as to that lien. Warren-Ehret Company was not a party to either of the other two suits, and the account of liens ordered in each was not made until after the lien was barred.

4. That the Engleby & Bro. Co.'s claim, to the extent to which it was allowed, is sufficiently definite within the meaning of the statute.

[7] 5. That the liens allowed must share *ratably* in the fund on deposit to the order of the court, after first deducting therefrom the cost of litigation with respect to the allowed claims.

For these reasons, the decree of the Chancery Court of the city of Richmond, appealed from, will be affirmed, in so far as it denied personal liability on Hotel Rueger for any of the liens asserted in this case, and disallowed the claim of Warren-Ehret Company, and allowed, in part, the claim of Engleby & Bro. Co.  And the decree will be reversed for the disallowance of the liens of H. N. Francis & Co., Inc., Pittsburg Plate Glass Company and the Standard Engineering Company.  And the cause will be remanded to the chancery court for further proceedings to be had therein not in conflict with the views expressed in this opinion.

*Affirmed in part; reversed in part.*