## WRIGHT v. CHASE NAT. BANK OF CITY OF NEW YORK et al.

### No. 4187.

Circuit Court of Appeals, Fourth Circuit.

Sept. 27, 1937.

John Randolph Tucker, of Richmond, Va. (Tucker, Bronson, Satterfield & Mays, of Richmond, Va., on the brief), for appellant.

Wirt P. Marks, Jr., of Richmond, Va. (Stephen H. Simes, of Richmond, Va., on the brief), for appellees.

Before PARK R and NORTHCOTT, Circuit Judges, and HENRY H. WATKINS, District Judge.

NORTHCOTT, Circuit Judge.

On December 23, 1931, the Richmond Cedar Works, a Virginia manufacturing corporation, was placed in the hands of receivers by the United States District Court for the Eastern District of Virginia, and shortly thereafter the case was referred to a special master for a report, among other matters, of debts and claims, with their relative rights, liens and priorities.

T. J. Wright, Jr., the appellant, filed his claim to a preferential·lien for salary, due and unpaid at the date of the receivership, in the sum of $4,987.55.

The master, in his report, allowed the claim as a preferred lien. On exceptions by the receivers the court below in a written opinion sustained the exceptions and on February 25, 1937, entered an order disallowing appellant's claim as a preferred lien. From this action this appeal was brought.

The Cedar Works had a plant in Richmond and a sawmill and planing mill in Norfolk county, Va. Wright had been in the employment of the company for sixteen years prior to the receivership, being first employed as a surveyor. At the time of the receivership he was manager of the Norfolk plant and in full charge of it as well as being in full charge of logging operations for the Richmond and Norfolk plants and the railroad running into the timber lands.

Wright had under his control from time to time from three to five hundred men and his only superiors in the management of the Norfolk plant were the president and vice-president of the company. His salary was $709.33 per month, and in the year 1930 he was given a bonus of $3,500 by the company. He was never designated by any title as an officer of the company and had no connection with its financial affairs, but was known as manager of the Norfolk operations and had the right to hire and discharge employees.

Wright kept track of the conditions existing in the lumber market and advised his superiors as to the market and as to purchases of tracts of timber lands. He had charge of the sales of the product of the Norfolk plant with a lumber salesman working under him and subject to his directions. He assisted in the sales of lumber and testified that approximately 50 per cent. of his time was spent traveling, four-fifths of which travel time was devoted to selling the products of the company.

The pertinent part of section 6438 of the Virginia Code (as amended by Acts 1922, c. 9), in effect at the date of the receivership, under which appellant claimed a lien, reads as follows: "All clerks, mechanics, traveling representatives and laborers who furnish their services or

labor to any mining or manufacturing company * * * shall have a prior lien on the franchises, gross earnings and on all the real and personal property of said company which is used in operating the same, to the extent of the moneys due them by said company for such wages or supplies."

The only question presented is whether the appellant comes under any of the classes named in the statute as being entitled to a preferred lien for money due for services or labor.

We had a similar question, involving this statute, before us in the case of Wilson v. Hall, 81 F.(2d) 918, 919. There, as here, there was little or no dispute as to the facts, and there, as here also, the holding of the referee was set aside by the trial judge. In that case we said:

"In interpreting the statute the highest court of Virginia has expressly held that while the provisions of the statute with respect to its enforcement should be liberally construed there must be a substantial compliance with the requirements of that portion of the statute which relates to the creation of the lien. Francis & Co. v. Hotel Rueger, 125 Va. 106, 99 S.E. 690; Mathews v. Meyers, 151 Va. 426, 145 S.E. 352.

"Bearing in mind this rule of construction, we have no hesitancy in reaching the conclusion that appellant did not come within the express terms of the statute so as to entitle him to a preferred lien. It was early held that principal officers of a company were not within the provisions of the statute giving labor claims priority. In Seventh National Bank v. Shenandoah Iron Company (C.C.) 35 F. 436, 442, Judge Paul said: 'The prominence of such officials in every company named in the statutes precludes the idea that their distinct existence and claims were overlooked and that they were intended to be embraced in some of the designated classes of employees. They seem to have been purposely omitted; doubtless for the reason that this class of officials are, generally, in a position to protect their interests, and secure their salaries; while the classes included in the statute are not so situated, and are not able to protect themselves against loss.'"

It is contended on behalf of the appellant that he is entitled to a lien either as a laborer or traveling representative, but a study of the facts as shown by the record leads us to the conclusion that any labor performed, or any services rendered as traveling representative, by Wright, were purely incidental to his work as manager of the Norfolk plant, the railroad, and the timbering operations in the woods, with from three to five hundred men under his control. Services rendered or labor performed as incidental to the duties of a manager in charge do not make one either a laborer or a traveling representative. In re Continental Paint Co. (D.C.) 220 F. 189. In re Crown Point Brush Co. (D.C.) 200 F. 882. Compare In re Lawsam Electric Company (D.C.) 300 F. 736.

While not affecting the question here involved, it is interesting to note that the Virginia Legislature amended this statute in 1932 (chapter 329) by adding thereto immediately following the words "traveling representative" the words "foremen" and "superintendents to the extent of not more than twenty-five dollars per week."

We are of the opinion that the trial judge was right in concluding that appellant did not come within any of the classes named in the statute and was therefore not entitled to a preferential lien. The order complained of is affirmed.

Affirmed.