## CIRCUIT COURT OF THE CITY OF NORFOLK

Flowe Roofing and Painting Co., Inc.

v.

Rouse Company, Inc.,
t/a Military Circle Shopping Center

April 21, 1987

Case No. (Chancery) C-86-1651

By JUDGE JOHN W. WINSTON

The Rouse Company has pled in bar to the Bill of Complaint of Flowe Roofing and Painting Co., Inc., asserting that the mechanic's lien now sought to be enforced was never perfected as required by Virginia Code § 43-4.

The "Memorandum For Mechanics Lien Claimed By Subcontractor" recites that Flowe is entitled to $38,200.00 for material and services it furnished in repairing the roof on the shopping center identified as Military Circle Shopping Center and owned by Military Center Shopping Center located in Norfolk, Virginia.

By the Stipulation of facts agreed to by the parties, signed by their counsel, and filed on April 15, 1987, it has been established that the record owner of the shopping center at the time the repairs were made and the Memorandum was filed was Military Circle Limited Partnership, a Maryland limited partnership, the general partner of which is Rouse-Military Circle, Inc., a Maryland Corporation. And that Rouse-Military Circle, Inc., is a subsidiary of The Rouse Company of Virginia, Inc., which in turn is a subsidiary of The Rouse Company, the named defendant in this suit to enforce the lien. Furthermore,

it has similarly been stipulated that Kravco Company, the "Management Company for Military Circle Shopping Center" and to whom Flowe sent a Notice of lien, was the management company for Equitable Life Assurance Society, a prior owner of the shopping center, and which on April 16, 1986, had no agency relationship whatsoever with Military circle Limited Partnership, the record owner at that time.

In addition, by deed recorded in the Circuit Court City of Norfolk in Deed Book 1893, page 580, on March 28, 1986, the title to the shopping center was conveyed by Military Circle Joint Venture, a Virginia general partnership, to Military Circle Limited Partnership, a Maryland limited partnership mentioned above, whose principal place of business was identified in the deed to be at 10275 Little Patuxent Parkway, Columbia, Maryland 21044.

One further uncontradicted fact needs to be mentioned. When Flowe filed its Notice of Lien, such Notice was sent both to Kravco and to Military Circle Shopping Center, 880 N. Military Highway, Norfolk, Virginia 23502, where the shopping center is physically located.

A subcontractor who seeks to perfect the statutory lien given him by Virginia Code § 43-3 must comply with Code § 43-4 and, in addition, give notice in writing to the property owner or his agent of the amount and character of his claim. Virginia Code § 43-7. Code § 43-4 requires a contractor to timely file a memorandum showing among other things "the name of the owner of the property sought to be charged," which memorandum is then recorded in the deed books by the clerk of the court where filed in the names of the claimant and of the owner of the property.

A lien not perfected in the proper manner is lost and the court has no power to enforce it. *Wallace v. Brumback*, 177 Va. 36 (1941).

And it is the Virginia rule that there must be substantial compliance with the requirements of the lien statute relating to its creation, although the statutory provisions with respect to a valid lien's enforcement shall be liberally construed. *H. N. Francis & Company v. Hotel Rueger*, 125 Va. 106 (1919).

Here there was not substantial compliance with the statutory requirement that Flowe identify the owner of the shopping center in its recorded Memorandum and that

it also notify in writing such owner or the owner's agent. Since Military Circle Shopping Center was not the owner of record nor Kravco Company such owner's agent, the mechanic's lien was never perfected and cannot be enforced.

But Flower urges that the name of the owner was a misnomer and that it should be allowed to now amend its initial Bill of Complaint. However, there is no misnomer here because the wrong party was originally identified as the property owner. *Rockwell v. Allman*, 211 Va. 560 (1971).

Further, Flowe cannot claim estoppel, whatever the nature of the information it was orally given regarding the property ownership, because a trip to the clerk's office of the Circuit Court in Norfolk would have quickly established both the identity of the true record owner and such owner's mailing address for the purpose of notice.

[An] endorsed order, noting objections, sustaining the Plea in Bar and dismissing the Bill of Complaint with prejudice [may be presented].