## CIRCUIT COURT OF WESTMORELAND COUNTY

Thomas

v.

West et al.

July 19, 1993

Case No. (Chancery) 92–30

By Judge Joseph E. Spruill, Jr.

This is a proceeding brought by a subcontractor for the enforcement of a mechanic's lien for carpentry work and materials provided in the construction of a residence. The owners of the residence move for summary judgment because: (1) the mechanic's lien is void for over-burdening; and (2) certain categories described in the subcontractor's responses to discovery are not described in the Memorandum of Mechanic's Liens and are therefore not recoverable.

Following a hearing on the motion on July 12, the Court has considered the arguments of counsel and has studied the memoranda of law submitted by them. For the reasons that follow, the Motion for Summary Judgment is denied.

### Overburdening

The Memorandum of Lien is filed against Lot 12 and Lot 12A in a certain subdivision in Westmoreland County. These two lots are not contiguous. The structure is located on Lot 12. Lot 12A is designated as a drainfield lot providing a septic area for the residence on Lot 12. Both Lot 12 and 12A were conveyed to the owners under the same deed, with the restriction that the drainfield lot "shall not, in any way or manner, be separated from the waterfront lot at any time. The drainfield lot (the "A" lot) shall be used only as a remote drainfield and as a garden."

The owners argue that the lien is invalid since it is the contractor's duty to place his lien upon the property on which he worked and no more. Because the subcontractor here performed no work on Lot 12A, argues the owners, he has included property not properly subject to the mechanic's lien, and therefore, the entire lien is invalid and unenforceable. *Woodington Electric v. Lincoln Savings*, 238 Va. 623 (1989). As owners' counsel has noted in his memorandum, the Supreme Court in *Woodington* stated:

> Mechanic's lien law in Virginia will not permit a claimant to file an over-inclusive lien and then leave it to the trial court to excise any excess property. It is the mechanic's duty to place his lien upon property on which he worked and no more. *Woodington Electric*, 238 Va. at 634.

Here, it is undisputed that Thomas performed his work on a residence on Lot 12 only and that his memorandum of mechanic's lien has been filed against Lots 12 and 12A.

The Court does not agree with the owners' reasoning here. We find that each of these lots is, in actuality, an integral part of the other. Without a septic area, Lot 12 would be of little, if any, value. Together they comprise a single residential site. Pursuant to a restrictive covenant contained in the deed, these two lots cannot be separated. In this respect, this case is significantly different from *Woodington*, and the other cases cited by the owners. We find Lot 12A is an inseparable and necessary appurtenance to Lot 12, and for this reason, the lien is not over inclusive.

### Description of Work, etc., Claimed

In his Lien Memorandum, the subcontractor describes the type of materials or labor provided as follows:

> Sub Contractor [sic] for building services, including, without limitation, carpentry work, etc., and building materials, including, without limitation, lumber, nails, fasteners, roof trusses, plywood, felt, etc.

In his responses to discovery, the subcontractor elaborates, claiming that he is due compensation for "clean-up after other subs," "lay off foundation," "pour concrete," "unload materials," and "meet with subcontractors." The owners complain that these responses exceed the scope of the description of services furnished in the Memorandum of

Lien and are otherwise not properly lienable under Virginia Code § 43–2 and § 43–3.

The owners argue that these items are not "work" within the scope of § 43–2 and § 43–3 and that even if they were, they are not within the definition of "carpentry work." Therefore, because the subcontractor was not sufficiently specific in describing that for which he claims a lien in his Memorandum of Lien, the lien is invalid.

Virginia Code § 43–3 gives a mechanic's lien to "all persons performing labor or furnishing materials of a value of $50.00 or more, for the construction . . . of any building . . . ."

Thus the first question is whether items such as cleaning up after other subcontractors, laying off a foundation, pouring concrete, and unloading materials are the type of labor contemplated in the statute. The general test, recognized in many cases, is whether the work done adds to the value of the property. As stated in *United Masonry v. Jefferson Mews*, 218 Va. 360 (1977), the recognized object of the mechanic's lien law is to give those who, by their labor and material, have enhanced the value of the building the security of a lien thereof to the extent they have added to its value. We can find no case specifically on the point raised by the owners' argument here. I suppose this may be because it is rather obvious that laying off foundations, pouring concrete, unloading materials, and cleaning up are inherent and essential parts of a construction project. There is nothing in the statutes, or in any case I have found, to suggest that a person performing any of these tasks is not entitled to a lien.

Further, while one would perhaps not have to be a carpenter to perform these tasks, it is this court's view from common experience that these types of chores are generally performed by, or under the supervision of, carpenters.

We note that in some of the cases we have reviewed, the description of the types of materials or services furnished in memorandums of liens under consideration by the Supreme Court are less descriptive than that contained in the memorandum in this case. For example, the memorandum in *United Masonry* listed the services furnished as: "masonry labor and materials."

As the owners note, statutes governing the creation of a mechanic's lien are to be strictly construed. All statutory provisions are indispensable, and the omission of any one of them is fatal. The courts have said with equal force, however, that provisions with respect to the enforce-

ment of a mechanic's lien should be liberally construed. *H. N. Francis & Co. v. Hotel Rueger, Inc.*, 125 Va. 106 (1919).

In summary, finding substantial compliance with all relevant statutes, we find no basis upon which to declare this Memorandum of Lien invalid.

The owners note that the lien memorandum reflects an amount of $10,262.00, but the bill to enforce the lien is for $9,223.00. The subcontractor concedes that he is limited to a lien for no more than $9,223.00.

The Motion for Summary Judgment is denied.