918

**WILSON v. HALL et al. (two cases).**

**In re CLINCH MOUNTAIN SILICA SAND CORPORATION.**

Nos. 3989, 4000.

Circuit Court of Appeals, Fourth Circuit.
Feb. 22, 1936.

Henry Roberts, of Bristol, Va., and Vernon C. Barker, of Mendota, Va., for appellant.

Henry C. Riely, of Richmond, Va. (Clayton Scyphers, of Bristol, Va., on the brief), for appellees.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is an appeal from an order entered on the 12th day of November, 1935, in the matter of Clinch Mountain Silica Sand Corporation, bankrupt, in the District Court of the United States for the Eastern District of Virginia, at Richmond.

The sand company was adjudged bankrupt, on its voluntary petition, on July 3, 1931. The appellant, F. S. Wilson, filed a claim on December 30, 1931, which he asserted was a preferred claim or labor lien, in the amount of $5,777.07, with interest. Appellant contended that his claim was preferred under the Virginia statute allowing liens for labor. Appellees, Hall and Scyphers, creditors of the bankrupt, contested Wilson's claim contending that it did not come within the statute. After taking evidence the referee in bankruptcy filed an opinion, together with findings of fact and conclusions of law, and entered an order holding that appellant's claim was a preferred lien. Upon peti-

tion for review of the order of the referee, the district judge, in a well-considered opinion, overruled and set aside the order of the referee, and disallowed the claim of the appellant as a prior lien. From this action this appeal was brought. An appeal was allowed as was also an appeal to superintend and revise.

The bankrupt corporation was organized in the year 1920. The company's principal office was located in the city of Richmond, Va., but its place of operation was in Scott county, Va., and all of its property was located there. Its business consisted of converting silica sandstone into sand suitable to be used in the manufacture of glass and related products. Its estate consisted of several parcels of real estate upon which were found silica sandstone. It had a fully equipped crushing and sizing plant such as was necessary to carry on this business.

Appellant's employment with the bankrupt corporation began in the year 1925, and he remained continuously in such employment from that time until the day of the bankruptcy. Appellant was manager of the company during the year 1925 and until one H. B. Christian took charge, as executive manager, late in the year 1926. The appellant remained with the company mainly in the capacity of traveling representative until October 13, 1930, when, at a meeting of the stockholders of the bankrupt company, at which the appellant was present and voted one hundred shares of stock owned by him, he was elected a director of the company. On the same day (October 13, 1930) the directors, the appellant being present and acting, elected the appellant vice president and general manager of the company and by resolution fixed his salary as vice president and general manager at $50. per week, that being the largest salary received by any officer or employee of the company. Appellant filed his claim under section 6438 of the Code of Virginia, as amended by Acts 1922, c. 9, the pertinent part of which section reads as follows: " * * * all clerks, mechanics, traveling representatives and laborers who furnish their services or labor to any mining or manufacturing company * * * shall have a prior lien on the franchises, gross earnings and on all the real and personal property of said company which is used in operating the same, to the extent of the moneys due them by said company for such wages or supplies; and no mortgage, deed of trust, sale, hypothecation or convey-

ance executed since the first day of May, eighteen hundred and eighty-eight, shall defeat or take precedence over said lien."

Appellant perfected his claimed lien under section 6439 of the Code of Virginia, as amended by Acts 1928, c. 253, and there is no contention that if appellant were entitled to a lien he had not properly perfected the same.

■ We have first to consider what effect is given to the findings of a referee who took the evidence and heard the witnesses, when such findings are set aside by the District Judge. This matter is covered by General Order in Bankruptcy 47, 286 U.S. 573 (see 11 U.S.C.A. following section 53), which provides: "The reports of referees in all cases and proceedings in bankruptcy shall be deemed presumptively correct, but shall be subject to review by the court, and the court may adopt the same, or may modify or reject the same in whole or in part when the court in the exercise of its judgment is fully satisfied that error has been committed." Where, as here, the court rejects the finding of the referee, it is the finding of the court and not that of the referee which is considered presumptively correct upon appeal; but the appellate court will not, in reviewing the facts in such case, give to the court's finding as great weight as it will in a case where the court has itself seen and heard the witnesses, or has affirmed a finding by the referee by whom they have been seen and heard. The weight to be given to the court's finding is not a matter of importance in the case, however, as we are of opinion that, upon the admitted facts, his finding was correct.

■ In interpreting the statute the highest court of Virginia has expressly held that while the provisions of the statute with respect to its enforcement should be liberally construed there must be a substantial compliance with the requirements of that portion of the statute which relates to the creation of the lien. Francis & Co. v. Hotel Rueger, 125 Va. 106, 99 S.E. 690; Mathews v. Meyers, 151 Va. 426, 145 S.E. 352.

■ Bearing in mind this rule of construction, we have no hesitancy in reaching the conclusion that appellant did not come within the express terms of the statute so as to entitle him to a preferred lien. It was early held that principal officers of a company were not within the provisions of the statute giving labor claims priority.

In Seventh National Bank v. Shenandoah Iron Company (C.C.) 35 F. 436, 442, Judge Paul said: "The prominence of such officials in every company named in the statutes precludes the idea that their distinct existence and claims were overlooked and that they were intended to be embraced in some of the designated classes of employees. They seem to have been purposely omitted; doubtless for the reason that this class of officials are, generally, in a position to protect their interests, and secure their salaries; while the classes included in the statute are not so situated, and are not able to protect themselves against loss."

This holding was approved by this court in Fidelity Ins. Trust & Safe-Deposit Company v. Roanoke Iron Company, 81 F. 439. As was well said by the judge below in his opinion: "One of the objects of this statute is to protect salesmen, clerks and laborers who usually have little or no opportunity to ascertain the true financial condition of a corporation by whom they are employed until after it has failed. An examination of the record shows conclusively that these claimants were not in that position. On the contrary, they were fully aware of the financial condition of the corporation long before the crash finally came, and while they should not be penalized for standing by the ship as they undoubtedly did, it is nevertheless clear that their claims do not fall within the letter or spirit of the statute."·

It is undisputed that the appellant was, more than eight months prior to the bankruptcy of the corporation, elected vice president and general manager and that at various times he exercised the authority vested in him as such general manager in different ways; by the signing of checks, negotiation of contracts, and purchase of supplies for the company. The appellant knew intimately the financial condition of the company and was familiar with all the details of its business. It could not have been the intention of the Virginia Legislature to authorize an officer vested with as much authority in a corporation as was the appellant to allow his salary to be unpaid for a period of nearly four years and then come in and assert his claim as a prior lien to the exclusion of all lienors and general creditors. Certainly such a result would be highly inequitable and unjust. The order of the court below is accordingly affirmed.

The appeal was properly brought in case No. 3989, to superintend and revise a proceeding in bankruptcy in matter of law. The appeal in case No. 4000 will be dismissed.

Affirmed.