In re DUVALL et al.

DUVALL et al. v. BARRY.

No. 6831.

Circuit Court of Appeals, Seventh Circuit.

April 28, 1939.

654

James M. Gillespie and Arthur O. Kiesgen, both of Chicago, Ill., for appellants.

David K. Cochrane and Edgar L. George, both of Chicago, Ill., for appellee.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from an order of the District Court of October 28, 1938, directing that the furniture and personal property, specified in appellee's petition, be returned to her. Said order was entered jointly as to each of the appellants in bankruptcy proceedings. Each of appellants in their schedules claimed to be the owners of a one-half interest in the property; the appellant, Edward S. Duvall claimed an exemption in the same in the amount of $400, and the appellant, Elizabeth C. Duvall, in the amount of $100.

Appellants claimed title to the property by virtue of an instrument dated January 3, 1935, executed by appellee which purported to convey the property in question to appellants. Appellee, in her petition filed May 13, 1937, in the bankruptcy proceedings, in claiming ownership of the property, alleged that there had been no sale and that the instrument in question was executed and delivered to appellants so that they might negotiate a loan for and on behalf of appellee and that the effect of the instrument was merely that of a chattel mortgage.

Hearings were had on the controverted question by the referee in bankruptcy before whom the various witnesses were heard and examined. The referee found in favor of the appellants, and on March 22, 1938, entered an order denying and dismissing appellee's petition. Upon a petition for review of said order, the referee, among other things, stated: "The evidence was exceedingly conflicting and could not be reconciled on any basis or hypothesis of truth or veracity by both sides. Either the petitioner, on the one hand, or the bankrupt and her aforesaid husband, on the other hand, must be found to have indulged in fabrication of testimony."

By agreement of the parties, a narrative statement of the material testimony adduced before the referee, together with exhibits, was certified to the District Court. On October 28, 1938, appellee's petition for review was considered by the court and an order entered sustaining appellee's exceptions to said report and finding appellee to be the owner of the property in question. The court had nothing before it in the way of evidence, oral or documentary, other than that which had been considered by the referee. Among other things, the court, in its order, found: "The bill of sale specified in the order of the referee, when considered in the light of all of the facts and circumstances shown by the evidence, must be held to have been given only as a mortgage and as a pledge for loans made to said Mollie A. Barry, as set forth in her petition herein. While the evidence of the parties is conflicting there are undisputed facts and circumstances sufficient to give to the petitioner, Mollie A. Barry, a clear preponderance of the evidence in support

of her contention that the transaction was not a sale and was really a pledge of the property." The matter is now before us on appeal from this order.

The argument presented here indicates that counsel, erroneously, we think, have assumed that this is a trial de novo. Ordinarily, this court sits merely in the capacity of review and is bound by the finding of the lower court where the same is supported by substantial evidence, notwithstanding the fact that we might have reached a different conclusion on a matter submitted to us as an original proposition. This situation, applicable to reviewing courts generally, is due to the long recognized fact that the court who has seen and heard the testimony of witnesses is in a better position to judge of their credibility and the weight to be attached to their testimony, than is a reviewing court with nothing before it but the printed record. In the instant case, however, we find it difficult to conclude just what weight we should attach to the finding of the District Court in view of the fact that its finding was contrary to that of the referee in bankruptcy before whom the testimony was heard. It perhaps would be more accurate to state that we are called upon to determine the latitude allowed a District Judge in overruling or rejecting the findings of a referee.

At one time it appears the court had very little, if any, authority in this respect in cases where the evidence before the referee was in conflict. The court, in Davis v. Schwartz, 155 U.S. 631, 15 S.Ct. 237, 39 L.Ed. 289, held that the finding of a referee carried the same weight as that of a jury verdict, or the court itself. In referring to such findings, it is, 155 U.S. on page 636, 15 S.Ct. on page 239, 39 L.Ed. 289, said: "In neither of these cases is the finding absolutely conclusive, as if there be no testimony tending to support it; but so far as it depends upon conflicting testimony, or upon the credibility of witnesses, or so far as there is any testimony consistent with the finding, it must be treated as unassailable."

The question must now be determined, however, with reference to Rule 47 of General Orders in Bankruptcy, 11 U.S.C.A. following section 53, which appears to give the court greater latitude than it theretofore had. The rule, so far as is here material, provides: "The reports of referees * * * shall be deemed presumptively correct, but shall be subject to review by the court, and the court may adopt the same, or may modify or reject the same in whole or in part when the court in the exercise of its judgment is fully satisfied that error has been committed."

A reading of the cases discloses that a variety of interpretations have been given to this rule. In re Mendota Building Company, 7 Cir., 92 F.2d 644, this court reversed a finding of the District Court which found contrary to the referee, although the facts, as there stated, make it distinguishable from the instant situation. It would serve no useful purpose to undertake a review of the numerous authorities where the rule has been discussed. We cite a few in the footnote:[1]

This court, In re Michel, 2 Cir., 56 F.2d 15, held: "The District Judge has the ultimate responsibility of determining the facts, and the say-so of a master cannot dispense with it."

In discussing the rule as applicable to a situation similar to that here presented, the court in Wilson v. Hall, 4 Cir., 81 F.2d 918, on page 919, said: "Where, as here, the court rejects the finding of the referee, it is the finding of the court and not that of the referee which is considered presumptively correct upon appeal; but the appellate court will not, in reviewing the facts in such case, give to the court's finding as great weight as it will in a case where the court has itself seen and heard the witnesses, or has affirmed a finding by the referee by whom they have been seen and heard."

We do not think that it can be held that the District Court is bound by the "substantial evidence" rule with regard to the findings made by the referee. While the rule makes the referee's finding presumptively correct, yet the court is vested with authority to "reject the same in whole or in part when the court, in the exercise of its judgment, is fully satisfied that error has been committed." This language can not, in our judgment, be the equivalent of

[1] Wilson v. Hall, 4 Cir., 81 F.2d 918; In re M. & M. Mfg. Co., 2 Cir., 71 F.2d 140, 142; Ott v. Thurston, 9 Cir., 76 F.2d 368, 369; Rasmussen v. Gresly, 8 Cir., 77 F.2d 252, 253, 254; In re Orpheum Circuit, D.C., 20 F.Supp. 101, 104; In re Soter, D.C., 19 F.Supp. 764, 766.

the "substantial evidence" rule. Of course, the judgment exercised by the court must not be arbitrary, but where there are facts and circumstances concerning which reasonable minds might differ, we think the court, after indulging in the presumption which the rule accords the referee's report, may exercise its judgment even though it be contrary to the finding as made by the referee, and when the court's judgment has been thus exercised, we do not think we are at liberty to disturb the same except where we might conclude there was no substantial evidence or theory which would justify the court in reaching a conclusion contrary to that of the referee.

In the case before us, as recognized by the referee, the testimony was greatly in conflict. A careful reading of the same convinces us that it affords ample support to the judgment of the court that appellee had established her claim by a preponderance of the evidence. There seems to be no occasion for us to go into detail concerning the evidence. It is sufficient for us to state there are a number of circumstances which cast suspicion upon the testimony of appellants—in fact, they can not be reconciled with their version of the transaction.

It is important to note that appellants procured a loan for appellee, giving as security a chattel mortgage upon the property in dispute and that which was described in the instrument referred to as a Bill of Sale. This is one of the few facts not in dispute. Notwithstanding that appellants' alleged title is based entirely on the theory that the property was conveyed to them by this Bill of Sale, we find in their answer, referring to the transfer of the property, this statement: "That the petitioner herein stated to this respondent: * * * 'I'll turn the furniture (meaning the goods and chattels herein referred to) over to you and "Sparks" (meaning this respondent's husband, Edward S. Duvall), and you can help me (meaning petitioner) at once and obtain such additional money as will be necessary to pay the lien of the coal company, by borrowing on the furniture,' and that, thereupon, the Bill of Sale herein referred to was executed." This statement impresses us, as it, no doubt, did the court below as being consistent with the theory of appellee and inconsistent with that of appellants. In other words, according to this allegation, the transfer of the property was made for the purpose of securing appellants, and not with a view that they should become the owners thereof.

We conclude it was within the province of the District Court, under the circumstances presented, to reach a conclusion contrary to that reached by the referee in bankruptcy, and we see no reason why we should disturb the order appealed from.

It is, therefore, affirmed.