**WEBB v. FRISCH et al.**

No. 7063.

Circuit Court of Appeals, Seventh Circuit.

May 10, 1940.

Milton T. Miller, of Chicago, Ill., and Henry L. Shenier and Thomas E. Scofield, both of Kansas City, Mo., for appellant.

Gilbert F. Wagner, of Chicago, Ill., for appellees.

Before SPARKS, TREANOR, and KERNER, Circuit Judges.

TREANOR, Circuit Judge.

Plaintiff-appellant brought suit against defendants-appellees to recover damages by reason of the infringement of letters patent No. 2,100,116 and to restrain defendants from further infringement. The patent had been granted to George Farrell Webb, plaintiff. The defenses were non-infringement and invalidity of the patent. The District Court found that the patent in suit had been anticipated by prior public use both by Theodore H. Perlman and Elmer H. Brown. The court stated as its conclusions of law that the Webb patent in suit was invalid and that the plaintiff was not entitled to the relief prayed for.

The plaintiff-appellant contends that the testimony is not sufficient legally to establish the defense of prior use. This presents the sole question on appeal.

The invention of the patent in suit relates to a method of treating pyorrhea.[1] The method claimed consists of subjecting diseased gingival margin between two points, spaced apart less than the diameter of a tooth, to the action of a high frequency current. The apparatus used for the method of treatment consists of a

---

[1] The four claims of the patent are as follows:

1. In a method of treating pyorrhea the steps of successively subjecting small areas of unattached gingival margin to the action of a high frequency current.

2. In a method of treating pyorrhea, the steps of successively subjecting areas of unattached gingival margin smaller than the cross-sectional area of a tooth to coagulation by the passage of a high frequency current.

3. A method of treating pyorrhea, including the steps of subjecting predetermined small areas of unattached gingival margin and exposed necks of teeth to the action of a high frequency current.

4. A method of treating pyorrhea including the steps of subjecting diseased gingival margin between two points spaced apart less than the diameter of a tooth to the action of a high frequency current.

high frequency electric generator and a bi-polar electrode. The electrode points are put in contact with a portion of the gingival margin and as a result of the passage of the high frequency current between the two poles of the electrode the diseased gingival tissue is coagulated. The process is repeated until the area of tissue selected for treatment has been coagulated.

Long prior to the date that plaintiff filed his application it was a well established practice to employ high frequency electric machines and bi-polar electrodes to produce electro-coagulation of body tissues, such as tonsils, cysts, moles, warts, etc. Plaintiff does not contend that high frequency machines were not used prior to the time of the Webb patent in the treatment of pyorrhea, and admitted during the trial that the bi-polar electrode was old and that the practice of using high frequency current was old. It was also clearly established that bi-polar electrodes have been standard articles of commerce for many years.

The District Court found that the patent in suit would be valid and infringed directly by defendant Arnold A. Frisch and contributorily infringed by the defendant Cameron Surgical Specialty Company "but for the prior public use." The method of treatment used by Frisch is substantially that claimed by Webb and the apparatus used by Frisch was manufactured by the Cameron Company for the purpose of carrying out the method of Frisch. On the other hand if Doctors Perlman and Brown gave the treatment which the defendants' evidence indicated that they did give, it is clear that their treatments constituted public use of the methods claimed by plaintiff's patent. It follows from the foregoing that the judgment of the District Court was correct if the evidence was sufficient to justify the inference that Drs. Perlman and Brown practiced a method of treatment now claimed by plaintiff. Plaintiff and defendants agree that under the law defendants were required to prove prior use beyond a reasonable doubt.

Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." We do not understand that the foregoing rule has enlarged the discretion of this Court in passing upon the probative force of evidence. Our function is to review the finding of the lower court and not to pass upon the evidence de novo. We cannot say that a finding of the fact of prior use is "clearly erroneous" merely because we might have entertained some doubt about the quantum of evidence. We must attach to the testimony of witnesses the full weight and quality of credibility which the trial court gave it.[2]

The District Court's memorandum contains the following statement: "Dr. Perlman's testimony, unsupported would not induce me to overturn this patent. But I believe Dr. Rennie's testimony and Dr. Mayland's testimony. I think the Olmstead testimony was truthful. These were public uses and they anticipate the invention. I believe the patent is invalid." Giving to the testimony of Drs. Rennie and Mayland the credibility and weight which the District Court attached to it, we cannot say that the finding of fact of prior public use in the practice of Dr. Perlman was "clearly erroneous"; and if we attribute to Dr. Olmstead's testimony the weight and credibility which the District Court gave it, we must conclude that its finding of fact of prior public use by Dr. Brown was not "clearly erroneous." Assuming the factual accuracy of the testimony of the four named witnesses, the evidence established prior public uses not merely beyond a reasonable doubt, but beyond any doubt.

In view of our conclusion respecting the questioned findings of fact, we find it unnecessary to discuss certain questions urged by appellee. The judgment of the District Court is affirmed.

---

[2] In re Duvall, 7 Cir., 103 F.2d 653, 655.