**WEST v. SCHWARZ.**

No. 10000.

United States Court of Appeals
Seventh Circuit.

June 16, 1950.

Alphonse Cerza, Chicago, Ill., Donald C. Lundquist, Chicago, Ill., for appellant.

Edward A. Gorenstein, Chicago, Ill., Meyer J. Myer, Chicago, Ill., for appellee.

Before, DUFFY, LINDLEY and SWAIM, Circuit Judges.

DUFFY, Circuit Judge.

This is an action to recover treble damages for alleged overcharges of rent under the provisions of Sec. 205, Housing and Rent Act of 1947, as amended and extended, 50 U.S.C.A.Appendix, § 1895. A jury having been waived, the case was tried to the court. Findings of fact and conclusions of law were filed and judgment entered in favor of the plaintiff in the sum of $6,500 which included $500 attorney fees.

The complaint alleges that defendant, as the owner of the premises located at 7000 Sheridan Road, Chicago, Illinois, at the time he leased an apartment to plaintiff, unlawfully demanded and received from plaintiff a bonus of $2,000 as a condition of renting said apartment. The evidence on this point was irreconcilably in conflict.

The district court found that defendant agreed to rent an apartment on the third floor of 7000 Sheridan Road, Chicago, Illinois, to the plaintiff for a term of one and one-half years at $110 a month, which rental was the maximum legal rent for said dwelling unit, but that as a condition precedent to the said leasing defendant unlawfully demanded from plaintiff a bonus of $2,000 in addition to the rent; that on January 12, 1948, plaintiff tendered to defendant a check for $2,000 which defendant refused to accept; and that on January 13, 1948, defendant unlawfully demanded, accepted and received from the plaintiff the sum of $2,000 in cash, as a bonus, before delivering said lease.

Defendant assigns four errors, two of them being that the plaintiff failed to meet the burden of proof, and that the findings of the trial court are against the manifest weight of the evidence. However, it is not the function of this court to pass upon or consider de novo the evidence received upon the trial, Webb v. Frisch, 7 Cir., 111 F.2d 887, nor to weigh the controverted evidence. Smith v. American Transit Lines, Inc., 7 Cir., 163 F.2d 1014. Our duty is merely to ascertain whether the record discloses substantial evidence to sustain the findings of the trial court. Findings of fact shall not be set aside unless clearly erroneous, giving due regard to the opportunity of the trial court to judge of the credibility of the witnesses. Rule 52 (a), Federal Rules of Civil Procedure, 28 U.S.C.A.

Considering the evidence most favorable to the district court's findings, Lewis Mach. Co. v. Aztec Lines, Inc., 7 Cir., 172 F.2d 746, 748, we shall point out testimony which we think adequately supports the court's findings.

Plaintiff is a superintendent, in charge of personnel for a large restaurant chain. During October, 1947, plaintiff's wife went to the building at 7000 Sheridan Road, Chicago, and inspected two apartments, one on the first floor and one on the third floor. She telephoned the defendant and inquired whether the apartments she had looked at were available and whether a bonus was required. Defendant told Mrs. West that the first floor apartment would be $1,500 plus decorating, and that the third floor apartment, which would be vacated the following November, would be $2,000. Also during October, 1947, plaintiff examined the apartment on the first floor and the apartment on the third floor of 7000 Sheridan Road, after which he contacted the defendant personally, who told him that the rental terms for the first floor apartment would be $72.50 per month rent, plus $1,500 and decorating, and that the rent of the third floor apartment would be $110 a

month, plus $2,000. About a week later defendant advised the plaintiff that he had decided not to rent either apartment.

About January 11, 1948, plaintiff's wife telephoned defendant, asking if either of the apartments previously looked at was then available, and was informed that the third floor apartment was available. Mrs. West asked whether the amount of the bonus had been reduced, and defendant answered that it was still $2,000. An appointment was made for plaintiff to meet the defendant at the latter's office on January 12.

Plaintiff and defendant met on January 12, and plaintiff agreed to rent the apartment at $110 a month and to pay defendant a bonus of $2,000, the lease to run one and one-half years. Plaintiff made out and handed to defendant a check for $55.00 for rental for the last half of February, and a check for $110 for the March rent. Plaintiff also made out a check for $2,000 but defendant refused it, insisting on cash. An appointment was made for the next evening, January 13, at the apartment of the janitor in the building at 7000 Sheridan Road.

On January 13 plaintiff withdrew $2,000, consisting of twenty $100 bills, from his safety deposit box at the Continental Safety Deposit Company. That evening in the presence of his wife and sister, Mrs. Coplin, plaintiff took the money out of an envelope and counted it; his wife and sister also counted it. Plaintiff then placed the bills in the envelope and put it in his pocket. Plaintiff, his wife, and his sister then drove to the building at 7000 Sheridan Road. Plaintiff went into the janitor's apartment alone. The janitor and his wife were present but stayed in the living room while plaintiff and defendant conferred in the dining room which was somewhat dimly lighted. Plaintiff took the envelope containing the $2,000 from his pocket and handed it to the defendant, who counted the money. Defendant gave plaintiff a lease and two receipts, one for February rent and one for March rent. The transaction lasted about ten minutes, after which the plaintiff returned to the automobile where his wife and sister had been waiting and handed the lease and the receipts to his wife.

Plaintiff's testimony was corroborated in many respects. An employee of the Continental Safety Deposit Company produced records showing that plaintiff had access to his safety deposit box on January 13. Plaintiff's wife and sister testified that on the evening of that date plaintiff had with him an envelope containing twenty $100 bills, and that they saw him count the bills, and that they likewise counted them. They also testified that they drove with plaintiff that evening to 7000 Sheridan Road, that plaintiff went into the janitor's apartment where he remained about ten minutes, and that upon his return to the automobile, where the wife and sister were waiting, he turned over to his wife a lease for the third floor apartment and two receipts for the rent of that apartment.

Defendant emphatically denied that he had any meeting with plaintiff on January 12. But the lease was dated January 12, and so was each of the checks for the February and March rental payments. Surely the trial court was entitled to the inference that the plaintiff was telling the correct story of what occurred in the negotiation for the lease.

Defendant has devoted many pages of his brief to citing numerous authorities, mostly from Illinois, under the subheads, "The plaintiff has failed to meet the burden of proof," and "The findings of fact of the trial court are against the manifest weight of the evidence." As many other appellants have done heretofore, defendant has misconceived the functions of this court, the jurisdiction of which is appellate. We must repeat once more that this court may not and will not retry issues of fact, or substitute its judgment with respect to such issues for that of the trial court. At the risk of giving the impression of weighing the evidence, we have cited in considerable detail testimony given at the trial. Usually it is sufficient to mention briefly the credible evidence which supports the trial court's findings. We have sought here to demonstrate the futility of basing hopes for a successful appeal by ignoring the provisions of Rule 52(a), Federal Rules of Civil

Procedure. Of course this court in the case at bar has no alternative but to find that substantial evidence supports the trial court's findings and that there is no basis whatsoever for holding that they are clearly erroneous.

 The third assignment of error is based upon rulings on evidence and the granting of a motion to exclude witnesses from the court room. Defendant complains that the deposition of Rita Hymanson was improperly admitted into evidence because Rule 30, Federal Rules of Civil Procedure, was not fully complied with. Her deposition was taken at a hospital. Defendant's counsel was present and cross-examined the witness. Defendant was not harmed in any way, and any lack of strict compliance with the rule was, we think, harmless error. Rule 61, Federal Rules of Civil Procedure.

The court received the evidence of one Kahn, an attorney at law, that in July or August, 1947, defendant offered to rent him an apartment at 7000 Sheridan Road at a monthly rental of $72.50 plus a bonus of $1,500 in addition to requiring the tenant to do some decorating. Defendant offered to prove by four or five tenants who had rented apartments from him since rent control was effective that he had not asked or required them to pay a bonus. The court refused the proffered testimony. This was negative testimony with all its inherent weakness. In itself it was not proof defendant had not demanded a bonus from plaintiff as a condition for renting the third floor apartment. If Kahn's testimony had not been received, such testimony was clearly inadmissible. United States v. General Motors Corp., 7 Cir., 121 F.2d 376, 405. However, the court received Kahn's testimony to establish a pattern of defendant's conduct in renting apartments. Under such circumstances the writer of this opinion thinks the proferred testimony was admissible. But the court is not unanimous on this point. However, it is unnecessary to make a decision thereon, because even if Kahn's testimony be entirely disregarded, the evidence to support the court's finding was substantial and ample. If error did exist, under the circumstances it was harmless error.

Excluding witnesses from the court room is within the sound judicial discretion of the trial court, and we do not find prejudicial error because the trial court exercised such discretion herein.

The last assignment of error is that the trial court lacked jurisdiction. Sec. 205 of the Housing and Rent Act of 1947 provides in part, "Suit to recover such amount may be brought in any Federal, State, or Territorial court of competent jurisdiction * * *." Defendant argues that neither this statute, nor Title 28 U.S. C.A. § 1331, which contains the general grant of jurisdiction to district courts, confers jurisdiction herein upon the district court. In Adler v. Northern Hotel Co., 7 Cir., 175 F.2d 619, this court held that federal district courts did have jurisdiction to hear and try such suits. We refused to recede from that holding in Meyercheck v. Givens, 7 Cir., 180 F.2d 221. Our ruling will be the same in the case at bar. The judgment is

Affirmed.