### ROLLEY, Inc. v. YOUNGHUSBAND et al.
### No. 13389.

United States Court of Appeals
Ninth Circuit.
April 29, 1953.

Harry Gottesfeld, Joseph A. Brown and Hutchinson & Quattrin, San Francisco, Cal., for appellant.

William G. Mackay, San Francisco, Cal., James R. McKnight and Robert C. Comstock, Chicago, Ill., for appellee.

Before STEPHENS and ORR, Circuit Judges and BYRNE, District Judge.

ORR, Circuit Judge.

Appellant is appealing from a judgment of the District Court enjoining its use of the trade-mark "Voodoo" in connection with perfumes, colognes and similar cosmetic products. The trial court found that appellees are the lawful owners of the trade-mark "Voodoo"; that appellees' products bearing said trade-mark have been and are now extensively advertised and sold in interstate commerce so that such products are understood by the public to be appellees' products; that appellant has used the trade-mark "Voodoo" without appellees' consent on and in connection with the sale of products which were not those of appellees; and that said use of appellees' trade-mark by appellant is likely to cause confusion in the minds of the purchasing public and has caused injury to appellees. The trial court concluded that appellant had both infringed appellees' trade-mark and engaged in unfair competition.

The primary contention of appellant is that appropriation of the trade-mark in question by its predecessor in interest was prior to that of appellees' predecessor, and, accordingly, appellant is the lawful owner of the mark. It is urged that the findings of the District Court are deficient in that there is no reference to the respective dates of appropriation of "Voodoo" by predecessors in interest of appellant and appellees. Although the trial court made no specific finding on the issue of prior appropriation, it is apparent from the finding of ownership of the trade-mark by appellees and the finding of use of the trade-mark by appellant at dates later than the first use of the same mark by appellees that the District Court rejected appellant's claim of prior appropriation.[1]

Appellees' rights in the trade-mark are based upon registration No. 363,746 issued therefor to appellees' predecessor on January 3, 1939, by the United States Patent Office under the Act of February 20,

---

1. "Findings of fact.

\* \* \* \* \*

"3. Plaintiff Les Parfums de Dana, Inc., has adopted and used, is now using and is the sole and lawful owner of the trade mark Voodoo for perfumes, colognes and other cosmetics and registration No. 363,746 of January 3, 1939, therefor issued by the United States Patent Office on said date, and is the successor to plaintiffs James L. Younghusband and Howard Younghusband doing business as Consolidated Cosmetics, who were the owners of the said trade mark Voodoo at the time of the filing of the complaint herein.

\* \* \* \* \*

"5. Said defendant Rolley, Inc., has at dates later than the first use of the trade mark Voodoo by plaintiffs and without plaintiffs' consent used the trade mark Voodoo on and in connection with the sale of perfume and toilet water, which were not products of plaintiffs."

1905, 33 Stat. 724. This registration was republished on August 9, 1949, under the provisions of the Lanham Trade-Mark Act of 1946, 15 U.S.C.A. § 1051 et seq. See 15 U.S.C.A. § 1062(c). The statute provides that registration shall be prima facie evidence of the registrant's exclusive right to use the mark in commerce. 15 U.S.C.A. §§ 1057(b) and 1115(a). While the right to a trade-mark exists independently of the statute, and is not created by it, the courts have recognized that registration creates a rebuttable presumption of validity which must be overcome by a party who challenges it. For example, McCane v. Mims, 1951, 187 F.2d 163, 38 C.C.P.A., Patents, 836; Barbasol Co. v. Jacobs, 7 Cir., 1947, 160 F.2d 336. Upon registration the presumption as to date of first use by the registrant has been held to extend back to the filing date, in this case, September 10, 1938. Charles of the Ritz, Inc., v. Elizabeth Arden Sales Corp., 1947, 161 F.2d 234, 34 C.C.P.A. Patents 1029; Wells Lamont Corp. v. Blue Ridge Overalls Co., 77 U.S.P.Q. 542 (Com. Dec.1948).

Appellees' perfumes and colognes are widely sold in the principal stores in cities throughout the United States, and these products are advertised in high grade magazines of national distribution. Sales of "Voodoo" products had reached a quarter of a million dollars at the time of the trial. No invoices covering sales of "Voodoo" products prior to 1944 were produced by appellees, testimony being to the effect that such records were only kept five years, but appellees' manager testified by deposition that at the time he was first employed by appellees' predecessor in November 1940 he saw invoices of the sale of "Voodoo" products on the premises at that time.

Mr. Rolley, president and controlling stockholder of appellant, and its predecessor as an individual, was originally in the business of dyeing shoes and other leather goods. His compounding of perfumes com-menced in 1933 on an experimental basis. and subsequently continued as a modest sideline to his principal business, which was not fully abandoned until 1943. Sale of Rolley's perfumes was admittedly confined to retail sales in his own store in San Francisco until 1943. Present sales of appellant's "Voodoo" perfume and cologne are limited to six or seven stores, most of them on the Pacific Coast.

■ Appellant asserts that its individual predecessor, Mr. Rolley, appropriated the trade-mark "Voodoo" as early as 1934 and has used this mark on cosmetics consistently thereafter. No documentary proof of sales. of "Voodoo" perfume or cologne by appellant at a date earlier than the date of registration of the trade-mark by appellees' predecessor was offered. The earliest date of use of the name "Voodoo" alleged in appellant's answer and cross-complaint [2] was. April 15, 1940. Mr. Rolley stated orally at the time of his discovery deposition that he had first used the name "Voodoo" in 1938. His answer was again changed to 1934 or 1935 at the time he signed the deposition. These changes were explained by Mr. Rolley on the ground that he had obtained new information. It was for the trial court to give such weight as he saw fit to this type of evidence.

Mrs. Rolley testified to having seen a "Voodoo" label on one of Mr. Rolley's products earlier than appellees' registration or filing date. However, the testimony of the various witnesses indicated that for many years there were no names but only numbers. used on the labeling of Rolley's perfumes,. these numbers being keyed to names appearing only on a price-list. No evidence of a purchase of "Voodoo" perfume from Rolley at a time prior to appellees' registration of the trade-mark was introduced.

■ Witness Alma Homilius testified that Rolley had used the name "Voodoo" prior to 1938 in referring to a particular

2. Appellant filed a cross-complaint alleging ownership of the trade name "Voodoo" and infringement of said name by appellees and 21 prominent retail stores who were appellees' customers. The District Court granted appellees' motion for temporary injunction to restrain appellant from proceeding with its suit against these 21 stores or other customers of appellees. The final judgment dismissed the cross-complaint and made the injunction permanent.

perfume. This witness, however, was unable to say that the name had actually appeared upon the perfume bottles. A second witness, Walter Moreland, testified merely that Rolley had said that he was using the name in years prior to 1938. The evidence produced by appellant does not require a finding, as a matter of law, of a prior appropriation of the mark by appellant's predecessor, Mr. Rolley. On the contrary, we think the trial court's finding that appellees are the owners of the trade-mark in question finds ample support in the evidence. In evaluating appellant's evidence the trial court could particularly note the absence of sustaining testimony as to a *trade-mark use* of "Voodoo" during the years prior to 1938. He who first affixes a trade-mark *upon his goods* is its owner, not the person who first conceives the idea. See Columbia Mill Co. v. Alcorn, 1893, 150 U.S. 460, 463–464, 14 S.Ct. 151, 37 L.Ed. 1144. Thus, mere discussion of the name "Voodoo" would not create trade-mark rights.

 Appellant also contends that the District Court improperly allowed the introduction of certain evidence not relevant to the questions in issue. In considering this contention we must keep in mind that the case was tried before the Court sitting without a jury. This evidence was of two types: (1) evidence concerning trademarks "Tabu", "Taboo", and "Forbidden", which appellees claimed in their complaint to own and alleged that appellant had infringed by use of the name "Forbidden Flame"; and (2) evidence concerning alleged wrongdoing of appellant's predecessor with respect to the trade-marks of third persons not involved in the present action. To the extent that admission of the above mentioned evidence was error its reception by the Court did not affect the substantial rights of appellant. See 28 U.S.C.A. § 2111; Fed.R.Civ.P. rule 61. 28 U.S.C.A. Error in admission of evidence is harmless, where a case is tried to a court without a jury, if there is sufficient competent evidence to support the court's findings. Eagleston v. Rowley, 9 Cir., 1949, 172 F.2d 202; West v. Schwarz, 7 Cir., 1950, 182 F.2d 721, certiorari denied 340 U.S. 830, 71 S.Ct. 67, 95 L.Ed. 609; Rokey v. Day &

Zimmermann, Inc., 8 Cir., 1946, 157 F.2d 734, certiorari denied 330 U.S. 842, 67 S.Ct. 1082, 91 L.Ed. 1288. This rule is grounded upon the presumption that a judge sitting without a jury will not be influenced by irrelevant evidence. The reason for applying the rule is therefore especially strong where it is clear from the record that the court gave no weight to the irrelevant evidence. Dept. of Water & Power of City of Los Angeles v. Okonite-Callender Cable Co., 9 Cir., 1950, 181 F.2d 375, 24 A.L.R.2d 917; McComb v. McCormack, 5 Cir., 1947, 159 F.2d 219. In the instant case the record discloses that the court was not influenced by extraneous material concerning other trade-marks as appellant contends, but, rather, decided the case on the evidence concerning "Voodoo"

Judgment affirmed.