**William F. EICKS and Cora F. Eicks, Plaintiffs-Appellants,**

v.

**Elgie M. HOUGHTON and Rose Houghton, Defendants-Appellees.**

**No. 12013.**

United States Court of Appeals Seventh Circuit.

Oct. 3, 1957.

Albert J. Stafne, Jr., Bettendorf, Iowa, Dale R. Thompson, Madison, Wis., Willink & Thompson, Madison, Wis., of counsel, for appellants.

H. K. Geyer, Platteville, Wis., for appellees.

Before MAJOR, LINDLEY and HASTINGS, Circuit Judges.

HASTINGS, Circuit Judge.

This action was brought by appellants to rescind a contract for the sale and

purchase of a farm and to recover a down payment thereon. Rescission was asked on the grounds of false representation and mutual mistake. The case was tried to the court which made its findings of fact and stated its conclusions of law and entered judgment thereon dismissing the complaint, from which this appeal is taken. Errors relied upon are (1) the judgment in favor of the appellees and (2) the admission of evidence as to appellees' change of position.

Under the contract dated May 21, 1955, appellants agreed to purchase and appellees agreed to sell a farm in Grant County, Wisconsin, containing between 330 and 340 acres, known as "Hidden Acres", for the sum of $42,000. Appellants paid $5,000 at the time of execution of the contract and agreed to pay the balance upon delivery of the deed and possession on March 1, 1956.

The alleged fraud was that to induce the appellants to enter into the contract to purchase the farm, the appellees falsely represented: (1) that of the 330 acres in the farm 160 acres were tillable and under cultivation, whereas in fact 110 acres had been and presently were under cultivation; (2) that of the 160 tillable acres there were 90 acres in river bottom land under cultivation, whereas in fact there were about 62.7 tillable acres in such bottom ground; (3) that the river bottom land had been subjected to only one serious flood in the past 10 years, whereas in fact it had been flooded almost every year during such 10 year period and yielded only a partial crop each year; and (4) that appellees had not offered the farm for sale at any time prior to this transaction, whereas in fact they had attempted unsuccessfully to sell the farm for a number of years. In the second count of the complaint the same alleged false representations were made the basis for rescission on ground of alleged mutual mistake. A review of the evidence reveals a sharp conflict in the testimony on these subjects.

The evidence admitted to show appellees' change of position was in substance as follows: that a few days after the execution of the contract in issue appellees contracted to purchase another farm for $55,000, paying $5,000 down and agreeing to pay the balance on March 1, 1956; that when appellants rescinded their contract appellees were forced to sell their farm for $32,500 to pay on the second contract; and that such sale at the reduced price was forced upon them to avoid a default and resulting loss. Appellants claim this evidence was outside the issues under the pleadings, and was prejudicial.

Among the facts found by the trial court are the following:

"3. That on May 21, 1955, the plaintiffs and defendants entered into a written contract (Exhibit "A" of the plaintiffs' complaint) covering the purchase of a farm owned by the defendants commonly known as "Hidden Acres", located in Grant County, Wisconsin, for the sum of $42,000.00, and that the plaintiffs made a down payment to the defendants on the same day in the amount of $5,000.00.

"4. That the defendants purchased said farm in the year 1945 for the sum of $42,000.00, and that the defendants placed improvements on said farm during the time they owned it in the amount of $4,000.00.

"5. That said farm contained between 330 and 340 acres of land.

"6. That said farm contained approximately 140 to 145 acres of land under cultivation in the year 1955, and between 15 to 20 additional acres of tillable land which could have been cropped.

"7. That the plaintiffs only visited said farm for the purpose of inspecting the same on one occasion prior to the signing of the contract with the defendants, that occasion being on Sunday, May 15, 1955.

"8. That the defendants in no way prevented the plaintiffs from making any inspection of the farm which they desired to make prior to

the execution of the contract, either in person or by agent.

"9. That defendants at all times acted in good faith in the transaction and at no time endeavored to mislead the plaintiffs.

"10. That the only representations made by the defendants to the plaintiffs concerning tillable acres prior to the sale was the representation by the defendant, Elgie M. Houghton, 'that he had been told when he purchased the place that there were between 150 and 160 tillable acres in said farm, half of which were in the bottom land'.

"11. That the only representation made by the defendants to the plaintiffs concerning flooding of the farm during the years that the defendants had owned the farm was that the bottom land had flooded in some of the years past but that there was only one flood that had hurt the defendants and that was in the year 1950, and even in that year the defendants had been able to raise a partial crop of corn.

"12. That the defendants had represented to the plaintiffs, prior to the execution of the contract, that the farm had been offered for sale on prior occasions but that prospective buyers were unable to raise the cash with which to purchase the same.

"13. That the defendants had operated the farm during the period they owned the same on a 50–50 share rent basis at a profit for both the defendants as landlords and the tenants as share renters for each and every year in question.

"14. That said farm is reasonably worth the sum of $50,000.00.

"15. That the defendants purchased another farm on May 24, 1956, for $55,000.00 and made a down payment on the same day of $5,000.00, with the balance of said purchase price to be paid on March 1, 1956; in reliance on the contract entered into with the plaintiffs; that said defendants had no dealings for the purchase of said farm before the execution of the contract with the plaintiffs.

"16. The defendants, after obtaining a quit-claim deed to the premises from the plaintiffs, resold the farm for $32,500.00 at what in effect amounted to a forced sale, to enable them to meet the payments pursuant to the purchase agreement for the farm they purchased soon after the sale to plaintiffs."

The court then stated its conclusions of law favorable to appellees consistent with the findings of fact. We find no fault with these conclusions.

■ The vital contested issue in this case is whether there was substantial evidence to sustain the trial court's findings. A careful review of all the evidence reveals that there was. The evidence clearly supports the findings that there were no representations of a fraudulent nature and no mutual mistake. Therefore, appellants could not have been harmed by admission of evidence as to appellees' change of position. Furthermore, we have serious doubt that the question was properly saved by timely objection.

■ This being a trial without a jury and the court having found the facts specially, Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. is applicable and provides in part:

"Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses."

This court recently in the case of Lichter v. Goss, 7 Cir., 1956, 232 F.2d 715, 719, reaffirmed its holding in West v. Schwarz, 7 Cir., 1950, 182 F.2d 721, 722, where we said:

"However, it is not the function of this court to pass upon or consider de novo the evidence received upon the trial, Webb v. Frisch, 7 Cir., 111 F.2d 887, nor to weigh the

controverted evidence. Smith v. American Transit Lines, Inc., 7 Cir., 163 F.2d 1014. Our duty is merely to ascertain whether the record discloses substantial evidence to sustain the findings of the trial court. Findings of fact shall not be set aside unless clearly erroneous, giving due regard to the opportunity of the trial court to judge of the credibility of the witnesses."

Here the evidence was largely oral and the testimony of appellants cannot be reconciled with that of appellees. "The rule requires that an appellate court make allowance for the advantages possessed by the trial court in appraising the significance of conflicting testimony and reverse only 'clearly erroneous' findings." Graver Tank & Mfg. Co. v. Linde Air Products Co., 1949, 336 U.S. 271, 275, 69 S.Ct. 535, 537, 93 L.Ed. 672.

We have gone to some length in setting out the findings of fact to show that the conclusions of law were well founded. We cannot disturb them.

The judgment is

Affirmed.